■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE B. LAUREY, Appellant.—Casey, J. P. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered January 9, 1989, upon a verdict convicting defendant of the crimes of burglary in the second degree (two counts), escape in the second degree and petit larceny (two counts).

Defendant, among others, was present at the scene of a fire at a residence in the City of Elmira, Chemung County. It was discovered that a number of items had been removed from the residence. Those items were apparently hidden behind an abandoned store after they were taken, and defendant and Ricky Hall returned to pick them up later. After the pick-up, Hall and defendant drove to a local bar where defendant allegedly sold the stolen goods to Gilbert Frisbie. Based on information provided by Hall, Frisbie and others, the Elmira police arrested defendant. During his arraignment, defendant fled the courtroom and then unlawfully entered another dwelling where he removed a change of clothing.

After indictment, defendant was arraigned on charges of burglary in the second degree (two counts), petit larceny (two counts) and escape in the second degree. Following his conviction after trial on all of these charges, defendant was sen-

tenced to 5 to 10 years on each of the burglary convictions, one year on each of the petit larceny convictions, and 2 to 4 years on the escape conviction, all sentences to run concurrently.

On this appeal, defendant argues the inadmissibility of the eyewitness identification by the witness Frisbie and the identification testimony of the witness John Edger after the prosecution stated that it had no intention of calling Edger. These contentions are based on the alleged failure of the prosecution to comply with the provisions of CPL 710.30 insofar as they require the prosecution to serve a notice, within 15 days after arraignment, that it intends to offer at trial testimony of defendant's identification by an eyewitness made at the time of the commission of the offense or upon some other occasion relevant to the case. Following service of such notice, defendant must be given a reasonable opportunity to move before trial to suppress such evidence. The 15-day notice requirement may be relieved by the court for good cause shown, provided that defendant is given a reasonable opportunity after service of the notice when it does occur to make a suppression motion (see, CPL 710.30 [2]). Failure of compliance with this section bars the receipt at trial of such evidence (see, CPL 710.30 [3]).

The notice required by this section was filed by the prosecution 66 days after defendant's arraignment. County Court initially granted defendant's motion to preclude the prosecution from "introducing pretrial identification or identification evidence by witnesses". However, when the prosecution urged that the issue was not one of pure identification, County Court allowed a further hearing to determine if the identification evidence fell within the holding of People v O'Doherty (70 NY2d 479). Following the second hearing, County Court ruled that the identification made by the eyewitness was "merely confirmatory in nature" and decided to allow the witness to testify. Defendant objected and now contends that the prosecution was allowed to circumvent the statutory requirement of CPL 710.30 without a showing of good cause and was permitted to offer identification testimony at trial that should have been precluded under the initial ruling.

We disagree. Defendant and Frisbie were known to each other from prior association. On one prior occasion, defendant asked Frisbie if he wished to engage in a transaction. When Frisbie viewed photographs of defendant, it was solely "to put a name to a face" that Frisbie knew. In these circumstances CPL 710.30 is inapplicable (see, People v Tas, 51 NY2d 915).

In regard to Edger, the prosecution concedes that prior to

trial it stated that due to lack of a timely CPL 710.30 notice Edger would not be called as a witness. The prosecution claimed that it would honor the commitment only if defendant would agree not to request a missing witness charge if Edger were not called, and defense counsel refused to agree or even to discuss his position on a missing witness charge. Therefore, the prosecution called Edger as a witness, but purposely did not request Edger to identify defendant in front of the jury. The testimony of Edger was limited to what happened when Frisbie engaged in a transaction involving a video cassette recorder. No questions of identification of defendant were asked of Edger. Thus, the prosecution complied with County Court's prior ruling that the witness not be asked any question regarding identification of defendant and at the same time avoided a missing witness charge in regard to this witness. The testimony was not received in contravention of the provisions of CPL 710.30, and if the evidence be considered as unduly corroborating identification testimony of other witnesses, it was, at most, harmless error.

The additional points raised by defendant have no merit. The judgment of conviction should in all respects be affirmed.

Judgment affirmed. Casey, J. P., Weiss, Yesawich, Jr., Levine and Mercure, JJ., concur.