(February 14, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ARTHUR L. DESCHAMPS, Appellant.—Casey, J. P. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered November 8, 1989, upon a verdict convicting defendant of the crime of two counts of rape in the first degree.

In July 1988, defendant's estranged wife reported to the State Police that she had reason to believe that defendant had on two occasions raped her 12-year-old daughter of a prior marriage. The daughter was interviewed and detailed the crimes. Defendant was indicted in August 1988 on both charges of rape by forcible compulsion. Defendant had fled to Texas and was not arrested there until January 1989. He waived extradition and was returned to New York. Following his conviction on both counts of the indictment in September 1989, defendant was sentenced to a term of 6 to 12 years' imprisonment on each count, with the sentences directed to run consecutively.

Contrary to defendant's contention on this appeal, we find the evidence against him legally sufficient to support the verdict of the jury, and the verdict is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). The daughter testified in specific detail about the two attacks, the threatening statement made to her by defendant and the physical abuse he had displayed which placed her in fear. Photographs of prior abuse circumstantially corroborated the victim's statement in this regard. The testimony of the examining physician showed that at the time of trial the victim, who was then 14 years old, had been sexually active. Letters written by defendant to the victim indicated that he and the victim had some kind of "secret", and defendant fled the jurisdiction to Texas prior to his arrest, which was some evidence of his guilt (see, People v Yazum, 13 NY2d 302). In our view, the evidence, viewed in a light most favorable to the People, is legally sufficient to establish defendant's guilt.

Defendant's challenge to the weight of the evidence is an attack only on the credibility of the prosecution's witnesses, an issue for the jury to determine, and we see no basis to disturb the verdict that the jury has found (see, People v Bigelow, 106 AD2d 448). When defendant elected to testify on his own behalf and denied the charges, the jury simply did not believe him.

As to the legal errors raised by defendant, we likewise find no merit. County Court did not abuse its discretion in excluding evidence of the victim's prior sexual activity (see, People v

*Gagnon,* 150 AD2d 918, 919, *affd* 75 NY2d 736; *see also,* CPL 60.42 [5]). Furthermore, most of this prior sexual activity was explored on the cross-examination of the victim, rendering any error by the trial court in this regard harmless.

Defendant also urges error in the admission into evidence of testimony and photographs concerning defendant's abusive behavior toward the victim, testimony of defendant's statements to the Department of Social Services that he was unemployed, and testimony about a "pornographic" book found in defendant's cell. In regard to the photographs of the victim showing bruises allegedly inflicted by defendant on prior occasions, they were relevant in regard to the victim's perception of forcible compulsion *(see, People v Thompson,* 72 NY2d 410, 415-416). The statements made by defendant that he was unemployed attacked the credibility of his testimony that he was at work on the occasions of the rape. The "pornographic" book belied defendant's testimony that he had a reduced libido due to medication.

When defendant testified, he was questioned about his prior convictions and bad acts. No *Sandoval* hearing had been held or requested. Nevertheless, any error in this regard is harmless since defense counsel elicited defendant's prior conviction and failed to object to People's questioning in that regard, thereby failing to preserve this issue for appellate review.

In regard to defendant's claim that he was improperly denied a missing witness charge as to the doctor that initially examined the victim, we find that defendant did not comply with the analysis and procedure prescribed by *People v Gonzalez* (68 NY2d 424) for such a charge, and the testimony of such witness, even if received, would not have significantly affected the verdict.

The other arguments urged by defendant, which include a claim of ineffective assistance of counsel, the alleged unfairness of the People's summation and his contention that women were not excluded from the jury, have all been examined and found meritless. Finally, defendant's past record and the circumstances underlying his present conviction do not warrant any modification of the sentence that was imposed by County Court. Therefore, the judgment of conviction should in all respects be affirmed.

Judgment affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.