■ The People of the State of New York, Respondent, v Raymond Jackson, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered March 14, 1989, upon a verdict convicting defendant of (1) the crimes of criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree and criminal possession of a hypodermic instrument, and (2) the traffic offenses of speeding and aggravated unlicensed operation of a motor vehicle in the third degree.

On March 25, 1988, defendant was arrested and charged by information with three misdemeanors and also given tickets for two traffic infractions. Two days later, defendant was arraigned before a Town Justice. No further action was taken on the pending charges until July 20, 1988, 115 days later, at which time the People requested and were granted an adjournment so that the matter could be presented to a Grand

Jury. On August 25, 1988, the Grand Jury issued a five-count indictment, the first count of which, a felony, charged defendant with criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09). The remaining counts consisted of two of the three misdemeanor charges brought against defendant originally and the two traffic infractions. After a jury trial, defendant was convicted on all counts in the indictment. County Court imposed concurrent indeterminate sentences for a total period of incarceration of 6 to 12 years. Defendant argues on appeal that he was denied effective assistance of counsel.

To persuasively contend that effective assistance of counsel was not provided, a defendant must demonstrate not only that counsel's performance was deficient, but that the deficiency prejudiced his defense *(People v Sullivan,* 153 AD2d 223, 229, *lv denied* 75 NY2d 925; *see, Strickland v Washington,* 466 US 668, 687). Here, defendant has sustained this heavy burden with respect to the nonfelony counts.

Although the People first announced their readiness for trial 158 days after the misdemeanor informations had been filed and the simplified traffic informations were issued, defense counsel made no motion to dismiss these four charges on speedy trial grounds *(see,* CPL 30.30 [1] [b]). This court has indicated that counsel's failure to move to dismiss charges based on the People's noncompliance with the statutory speedy trial requirement, without more, is sufficiently egregious to constitute the denial of meaningful representation *(People v O'Connell,* 133 AD2d 970, 971; *see also, People v Miller,* 142 AD2d 970). For this reason the nonfelony counts of the indictment should have been dismissed.

The felony charge does not, however, suffer from the same infirmity, for the People announced their readiness for trial within the statutory period prescribed for felony charges. And considering the record as a whole *(see, People v Baldi,* 54 NY2d 137, 146-147), we find that defendant received meaningful representation on the felony count. Failure to demand a bill of particulars, make discovery requests, seek a *Ventimiglia* hearing or call witnesses on defendant's behalf does not equate to ineffective assistance of counsel where, as here, the evidence of defendant's guilt is uncontrovertibly overwhelming. Though impermissible evidence that defendant may have committed the crimes charged in the misdemeanor counts reached the jury in violation of *People v Molineux* (168 NY 264), the People's evidence is so formidable—defendant readily admitted that the drugs found in the vehicle, in his jacket and

in the trunk of the car were his—that a new trial on the felony count is not warranted.

In view of the foregoing, defendant's convictions for the two misdemeanors and two traffic infractions must be reversed. Inasmuch as County Court imposed concurrent indeterminate sentences for all the counts, however, there is no need to remit the matter for resentencing.

Defendant's remaining challenges either lack merit or were unpreserved for our review.

Judgment modified, on the law and the facts, by reversing so much thereof as convicted defendant of the crimes of criminal possession of a controlled substance in the seventh degree and criminal possession of a hypodermic instrument, and the traffic offenses of speeding and aggravated unlicensed operation of a motor vehicle in the third degree; dismiss said counts in the indictment; and, as so modified, affirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., Crew III and Harvey, JJ., concur.