■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAMERON BAILEY, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered September 16, 1988, upon a verdict convicting defendant of the crimes of sodomy in the first degree, sexual abuse in the first degree (four counts) and assault in the third degree.

Defendant was indicted and charged with committing rape in the first degree, sodomy in the first degree, six counts of sexual abuse in the first degree and assault in the third degree, which allegedly occurred on three separate occasions on and between December 26, 1986 and January 18, 1987. After a trial in July 1988, defendant was convicted of sodomy in the first degree, four counts of sexual abuse in the first degree and assault in the third degree. He was sentenced to various terms of imprisonment on each conviction, including 8⅓ to 25 years on the sodomy count, some terms to be served

concurrently to each other and some consecutive.* This appeal ensued.

Defendant's arguments that there is insufficient evidence of forcible compulsion to support the sodomy and sexual abuse convictions and insufficient evidence of physical injury to support the assault conviction are without merit. The judgment of conviction should therefore be affirmed.

Complainant testified that on December 26, 1986 defendant required her to lie down on the bed in a motel room where he fondled her breasts, removed her pants and panties, placed his fingers in her vagina and "had oral sex with [her] vagina", despite her resistance and lack of consent. She said that when she resisted, defendant slapped her hands and told her to "stop playing games". She said she was afraid that defendant would hit her again. There was evidence that defendant, a relative of complainant, had hit her previously. Viewing this evidence in the light most favorable to the People, as we must (People v Thompson, 72 NY2d 410, 413), we find that there were express and implied threats of physical harm made by defendant, against the then 17-year-old female complainant, sufficient to establish the element of forcible compulsion.

Defendant argues that because complainant was alone outside the motel room while defendant registered, she could have walked away and therefore she was not under compulsion. This, however, is not the only permissible conclusion to be reached. The jury could reasonably have found from the facts, as it apparently did, that fear of being subjected to physical injury inflicted by defendant kept her from leaving as well as from further resisting his demands (see, supra, at 415-416). The evidence of forcible compulsion is sufficient to support the convictions for the sodomy and the two counts of sexual abuse related to December 26, 1986 (see, People v Bleakley, 69 NY2d 490, 495). Moreover, as defendant testified, an issue of credibility was presented which was for the jury to resolve. Thus, these convictions are supported by the weight of the evidence (see, supra; see also, People v Deschamps, 170 AD2d 771, lv denied 77 NY2d 994).

As to the two counts of sexual abuse that allegedly occurred on January 18, 1987, there was also sufficient evidence of forced sexual abuse by defendant to permit the jury to reasonably conclude that complainant submitted because of his

---

* Two counts of the indictment charging sexual abuse in the first degree were dismissed by County Court at the close of the People's direct case. The jury deadlocked on the count charging rape in the first degree.

threats of physical harm. Complainant's testimony is legally sufficient to support these two convictions. Although defendant did not testify about this alleged abuse, complainant's testimony alone presented a credibility question for the jury. Thus, the weight of the evidence supports the conviction of these two counts of sexual abuse.

Defendant's claim that there was insufficient evidence of physical injury to sustain the conviction for assault in the third degree also lacks merit. Defendant admitted that he hit her over her left eye, but claimed that it was a slap with his open hand not with his folded hand. The testimony revealed that complainant became dizzy, saw stars and was temporarily blinded when defendant struck his hand to her head, and that her eye was swollen shut, numb and bruised. In addition, there was testimony that the swelling and the bruise beneath her left eye were visible two days later. This evidence was sufficient to establish the required physical injury as defined in Penal Law § 10.00 (9) *(see, People v Harper,* 145 AD2d 933, 933-934; *People v Douglas,* 143 AD2d 452, 453). Whether defendant's hand was open or closed does not alter this conclusion.

Mahoney, P. J., Yesawich Jr., Mercure and Harvey, concur. Ordered that the judgment is affirmed.

