■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY F. CHERNY, Appellant.—Mercure, J.

Convicted after trial of various counts of burglary and assault as the result of a brutal attack on two elderly victims, defendant appeals, challenging only County Court's determination that the victims' photographic identification of defendant was merely confirmatory and as such did not trigger the notice provisions of CPL 710.30. We affirm.

In sharp contrast to defendant's contention that the victims' prior relationship with defendant was "fleeting and distant", the proof adduced before the Grand Jury and at trial established that defendant had lived in the victims' neighborhood for a period of years, that the victims had seen defendant on a number of prior occasions and that, at the time of the crimes, they immediately recognized defendant as the person they referred to as the "ferret man" because he would walk the streets with a ferret on his shoulder. Although the victims did not know defendant's name, one of them recalled a past conversation in which the "ferret man" had mentioned the name of his veterinarian. The victims contacted the veterinarian, who made a search of his patient records and came up with defendant's name. In order to confirm that the name furnished by the veterinarian was actually that of the person known to the victims, the police prepared an array of photographs of six bearded white men, including defendant. Upon viewing the photographs, the victims immediately identified defendant as their assailant.

We reject defendant's claim that the photographic identifi-

cation procedures were subject to the provisions of CPL 710.30. Clearly, the sole purpose for the photographic identification was " 'to put a name to a face' " that the victims already knew *(People v Laurey,* 163 AD2d 742, 743, *lv denied* 76 NY2d 941). "Since the participants in the incident * * * were known to each other, there was no 'identification' within the meaning of CPL 710.30 *(People v Gissendanner,* 48 NY2d 543, 552) and no prior notice need have been given by the People" *(People v Tas,* 51 NY2d 915, 916; *see, People v Laurey, supra; People v Brown,* 161 AD2d 721, *lv denied* 76 NY2d 853; *People v Boyd,* 140 AD2d 704, *lv denied* 72 NY2d 916).

Weiss, Levine, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed.