■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE COBIAN, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered May 17, 1990, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

In November 1989, a Grand Jury handed up an indictment charging defendant with two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree. Defendant was accused of selling cocaine on two separate days (Aug. 31, 1989 and Sept. 2, 1989) in the City of Amsterdam, Montgomery County, to Police Investigator John Dillon in the presence of a confidential informant. Following a jury trial, defendant was convicted of two counts of criminal sale of a controlled substance in the third degree. Defendant was subsequently sentenced to consecutive terms of imprisonment of 4 to 12 years on each count. This appeal followed.

Initially, we reject defendant's contention that the jury verdict was against the weight of the evidence. Both Dillon and the informant testified at length at trial concerning the drug transactions with defendant on the two dates in question. Both unequivocally identified defendant as the individual who sold the cocaine. Although defendant attacks the credibility of the prosecution's witnesses and points to testimony from his own alibi witnesses (most of whom were his wife's relatives) in an attempt to convince this court that the verdict should be overturned, we cannot accept defendant's arguments. Any dispute between the testimony of the prosecution witnesses and those of the defense merely created a credibility question for the jury to resolve *(see, People v Deschamps,* 170 AD2d 771, 772, *lv denied* 77 NY2d 994). In this case the jury simply decided the issue adversely to defendant and there is no basis for us to find that its verdict was against the weight of the evidence.

Next, we conclude that County Court correctly denied defendant's motion to suppress the testimony of Dillon based on the People's alleged failure to comply with the notice provisions of CPL 710.30. The People do not contend that such a notice was given. Nevertheless, defendant, though lacking notice of prior

identification, moved to suppress the identification testimony and the motion was specifically directed at such evidence *(see,* CPL 710.30 [3]; *People v Bernier,* 73 NY2d 1006, 1008). A *Wade* hearing on this issue was ultimately held after which defendant's motion to suppress was denied.* As a result of this denial, the evidence was rendered admissible, eliminating the requirement of notice (CPL 710.30 [3]; *see, People v Newball,* 76 NY2d 587, 590; *People v Li Castro,* 180 AD2d 840). The People established at the hearing that Dillon knew defendant prior to the drug sales at issue and that the sole purpose of Dillon's confirmatory identification of defendant from a nonsuggestive photograph array on September 1, 1989 was "to put a name to a face" *(see, People v Laurey,* 163 AD2d 742, 743, *lv denied* 76 NY2d 941; *see also, People v Wharton,* 74 NY2d 921). Consequently, County Court properly found that CPL 710.30 was inapplicable to Dillon *(see, People v Cherny,* 179 AD2d 938; *People v Laurey, supra).*

As for the lack of notice regarding the informant's proposed testimony, it appears that it was not learned by defendant until after jury selection that the informant had participated in a photo array for the police wherein defendant was identified on November 24, 1989. In response to defense counsel's motion to suppress, the prosecutor argued that no CPL 710.30 notice was needed because the photo array on November 24, 1989 was in connection with a completely different drug sale on March 5, 1989. As such, this identification was unrelated to the crimes contained in the subject indictment and the People had no intention of bringing up the March 1989 incident or the later identification at trial. County Court then gave defense counsel the option of having a hearing to determine if the November 1989 identification was in any way related to the August 1989 and September 1989 drug transactions at issue in this trial. Defense counsel agreed and the hearing was held that day. At the hearing, the informant testified that he had also known defendant previously and that he identified defendant from a nonsuggestive photo array for the police on November 24, 1989 in connection with an unrelated drug sale occurring on March 5, 1989. The informant did not discuss at that time the two drug sales at issue on this appeal and County Court held that the identification on November 24, 1989 had no relationship to the charges in the subject indictment. Accordingly, County Court concluded that CPL 710.30

---

* County Court had actually initially declined to hold a *Wade* hearing but then apparently changed its mind at a pretrial conference and ordered the hearing.

was not implicated. Because it appears that the informant was acquainted with defendant before the dates at issue herein and his identification of him was in connection with an unrelated drug sale, we find that County Court's ruling with respect to this witness was also proper.

We have examined defendant's remaining arguments on appeal and find them similarly unavailing. Defendant contends that Dillon's field notes, made immediately after the drug buys and later destroyed, constituted *Rosario* material and that the People's failure to preserve them resulted in prejudice to him. Nevertheless, defendant failed to move to strike relevant testimony, request a mistrial or dismiss the indictment. Therefore, the issue is not preserved for appellate review *(see, People v Garrow,* 151 AD2d 877, 878, *lv denied* 74 NY2d 948). We find no compelling reason to reverse in the interest of justice. With respect to defendant's claim that his sentence was harsh and excessive, we are similarly unpersuaded. The sentences were authorized by statute and, given defendant's extensive past criminal record and his lack of remorse, it is our view that County Court did not abuse its discretion in administering the imposed sentence.

Weiss, P. J., Yesawich Jr., Levine and Mahoney, JJ., concur. Ordered that the judgment is affirmed.