■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER HOPE, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered March 28, 1991, upon a verdict convicting defendant of the crimes of rape in the first degree and sodomy in the first degree.

Defendant was convicted upon a jury verdict of rape in the first degree and sodomy in the first degree. At trial, the victim testified that on July 6, 1990 at approximately 2:30 A.M. she was conversing with defendant, Penney Dingee and two other individuals on Dingee's front stoop on Seventh Street in the City of Hudson, Columbia County. She left to walk home and after a short time noticed that defendant was walking behind her. After the victim gave a negative response to defendant's inquiry as to whether she would like to make $100, defendant pulled the victim into an alley and forcibly sodomized and raped her. Defendant then took the victim to his home. After first stopping to get a key from his mother, defendant took the victim into the residence. Shortly thereafter, the victim was able to escape when defendant left the room. She returned to her residence and went to bed. At approximately 3:00 P.M. the same day, the victim went to Sherry Albis' residence and while there told Albis and Melissa Ridley about the attack. On their advice, the victim went to the police station to report the incident. The police sent the victim to the hospital for examination and preparation of a "rape kit". The victim returned to the police station the following day and identified defendant from a book of "mug shots", and then gave the police a written statement detailing the incident.

Defendant's primary contention on appeal is that County Court committed prejudicial error by permitting prosecution witnesses to bolster the victim's testimony with evidence of the victim's initial description of her assailant as a black man named Chris and her photographic identification of defendant and detailed report of the crime at the police station, or, at the very least, in failing to give appropriate limiting instructions. We disagree. We first note that defendant did not preserve a number of the alleged errors by timely objection (see, CPL 470.05 [2]). More importantly, any such error was clearly harmless in view of the fact that the victim's identification of defendant was never at issue (see, People v Rice, 75 NY2d 929, 931-932; People v Caserta, 19 NY2d 18, 21; People v Barber, 96 AD2d 1112; People v Haynes, 88 AD2d 1070).

The victim was with defendant for an extended period of time on Dingee's stoop, in the alley during the incident and at his mother's home following the incident, and was clearly able to identify him as her assailant. The only purpose for the photographic identification was to put a name to the face of the perpetrator (see, People v Cobian, 185 AD2d 452, 453; People v Laurey, 163 AD2d 742, lv denied 76 NY2d 941). In addition, Dingee testified that defendant and the victim were with her on her front stoop, that defendant followed the victim, and that she saw defendant and the victim walking on the opposite side of the street and proceeding into defendant's home. Defendant's own mother, called as a defense witness, testified that the victim accompanied defendant to her home in the early morning hours of July 6, 1990. Under the circumstances, we find no fault in the strategy employed by defendant's counsel in voicing few objections to this evidence and in seeking no limiting instructions.

Similarly unavailing is the contention that County Court committed prejudicial error in permitting evidence of threats made against the victim by defendant and a friend in order to induce her to "drop" the charges against defendant. The testimony was not elicited intentionally, was objected to only on the ground that it was not responsive to the People's question and, in our view, is no more probative of defendant's guilt than of the theory that the victim engaged in consensual sex and then falsely accused defendant of rape. At the very most, its admission constituted harmless error (see, People v Crimmins, 36 NY2d 230, 241; People v Jackson, 172 AD2d 874, 875-876, lv denied 78 AD2d 923). Finally, we reject the contention that defendant was deprived of effective assistance of counsel. Defendant's counsel engaged in extensive pretrial motion practice and at trial made frequent objections, many of which were sustained, effectively cross-examined prosecution witnesses and presented a plausible defense of consent. On the record as a whole, defendant was not deprived of meaningful representation (see, People v Baldi, 54 NY2d 137, 146-147; People v Jackson, supra).

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.