■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS A. HARRIS, Appellant. [606 NYS2d 841] —Cardona, P. J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered June 30, 1992, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree (two counts).

Defendant's convictions stem from his sale of cocaine to an undercover police informant on April 9, 1991. On this appeal, defendant contends that County Court erred by denying his challenge to a juror for cause, by improperly admitting cocaine into evidence and by admitting into evidence a tape recording of the conversation between him and the informant during the drug sale. Identical arguments were advanced regarding these contentions and rejected by this Court in the

---

appeal taken by the codefendant in this case *(see, People v Harris,* 199 AD2d 636). For the reasons set forth in that decision, we likewise reject the same challenges by this defendant.

Defendant also contends that he was deprived of his right to the effective assistance of counsel. While defense counsel's deportment toward his adversary sometimes lacked decorum, we conclude, viewing the record as a whole *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137, 146-147), that defendant was not deprived of effective assistance of counsel *(cf., People v Trait,* 139 AD2d 937, *lv denied* 72 NY2d 867). Defense counsel appeared prepared, made appropriate pretrial motions, effectively cross-examined the People's witnesses and otherwise provided meaningful representation *(see, People v Garcia,* 194 AD2d 1011; *People v Hope,* 190 AD2d 958, *lv denied* 81 NY2d 972).

Mercure, White, Casey and Weiss, JJ., concur. Ordered that the judgment is affirmed.