(May 26, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE TEN POLENCA, Also Known as JOSE THEN POLANCO, Appellant. [612 NYS2d 499] —Mercure, J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered May 23, 1991, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant's conviction was based solely upon the trial testimony of State Police Investigator Patricia Donovan that she made an undercover purchase of cocaine from defendant in April 1989. Notably, Donovan did not have occasion to see defendant in person from the time of the alleged drug sale until January 3, 1991, nearly two years later. Although the statement was not responsive to the People's inquiry and County Court gave a curative instruction before questioning continued, because there was a sharp factual issue concerning the identity of the person who made the drug sale, Donovan's impermissible and highly prejudicial testimony concerning her photographic identification of defendant on the day following the sale requires reversal of the judgment of conviction *(see, People v Lindsay,* 42 NY2d 9; *People v Wallace,* 187 AD2d 998; *People v Hines,* 112 AD2d 316; *People v Osgood,* 89 AD2d 76, 82-83; *cf., People v Hope,* 190 AD2d 958, *lv denied* 81 NY2d 972). In our view, the dissent's reliance upon *People v Johnson* (57 NY2d 969) for a contrary conclusion is misplaced. In *Johnson,* the defendant was arrested in close proximity to the

crime scene and a corporeal identification was made by the victim only minutes following commission of the offense (supra, at 971). As such, in that case, as in *People v Hope (supra)*, identity was simply not at issue and harmless error analysis was appropriate.

As a final matter, although the error would not of itself have required reversal, because there is to be a new trial we note that County Court erred in permitting evidence that the person identified as defendant had a pistol in his waistband at the time of the alleged sale, as it was not relevant to any issue in the case other than showing defendant's propensity to commit the crime charged (see, *People v Peters*, 187 AD2d 883, *lv denied* 81 NY2d 891). Defendant's remaining contentions, including those concerning County Court's handling of the *Wade* hearing and determination that the photographic identification procedures were not suggestive and that Donovan had an independent basis for an in-court identification of defendant, have been considered and rejected.

Crew III and Yesawich Jr., JJ., concur.

White, J. (dissenting). We respectfully dissent. Patricia Donovan, an undercover State Police Investigator, while testifying as to her purchase of drugs from defendant and describing defendant at the time of the sale, included an observation that defendant had a small handgun in the waistband of his pants. No objection was made and after several additional questions, County Court, *sua sponte*, issued curative instructions to the jury regarding this testimony. In our opinion this issue was not preserved for appellate review because of counsel's failure to object (see, CPL 470.05 [2]; *People v Gomez*, 112 AD2d 445, *lv denied* 66 NY2d 919). In addition, after the curative instructions were given and during cross-examination, defense counsel posed several questions to Donovan concerning defendant's weapon.

Later, while cross-examining Donovan, defendant's attorney asked her several questions regarding defendant's brother, Pablo Polanco, and his possible involvement in local drug trafficking being investigated by the State Police. The attorney asked Donovan to describe Pablo Polanco and then marked for identification two photographs, apparently of defendant and Pablo Polanco, which counsel had obtained from the City of Amsterdam Police Department. He then asked Donovan to compare the two photos and questioned her as to the similarity, and she opined that the facial features of the two individuals were not at all similar. After a few more questions

regarding the possibility of mistaken identity, the cross-examination ceased without the introduction of the photographs. During a brief redirect examination, Donovan volunteered that the day after defendant's arrest she had identified defendant from a photograph. The jury was excused for lunch and a defense motion for a mistrial was denied. After lunch the jury returned to the courtroom and County Court proceeded to give curative instructions prior to any further testimony.

In view of the uncontradicted testimony of the sole witness testifying during the trial, the limited nature of the improper statements which were not elicited by the District Attorney, defense counsel's questioning during cross-examination and the prompt curative instructions by County Court, any error was harmless and was not so egregious as to require reversal *(see, People v Johnson,* 57 NY2d 969). Moreover, as stated in *People v Arce* (42 NY2d 179), though all trials must be fair and few are perfect, many imperfections may be cured by a wise and timely curative instruction, as was done in this case.

Based on the record before us and the prompt action taken by County Court, it is our opinion that the verdict should be affirmed.

Mikoll, J. P., concurs. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Montgomery County for a new trial.