■ The People of the State of New York, Respondent, v Michael Lopez, Also Known as Corleone, Also Known as Victor Melendez, Appellant. [632 NYS2d 307] —Casey, J. Appeal

from a judgment of the County Court of Albany County (Breslin, J.), entered March 16, 1994, upon a verdict convicting defendant of the crime of murder in the second degree.

Following a jury trial, defendant was found guilty of murder in the second degree (see, Penal Law § 125.25 [1]) and acquitted of criminal possession of a weapon in the second degree (see, Penal Law § 265.03), which was the other charge contained in the indictment against defendant and his codefendant, Eric Benson. Defendant's murder conviction stems from an incident which occurred at the intersection of Clinton Street and Third Avenue in the City of Albany where decedent, Duane Johnson, was shot to death with handguns.

On this appeal, defendant argues that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. Viewing the trial evidence relative to the first claim in a light most favorable to the People (see, e.g., People v Alexander, 75 NY2d 979, 980), we find the evidence legally sufficient to support the verdict. The People's proof showed that in the two-day period prior to the murder, defendant and his friends were involved in a fight with decedent and his friends on two separate occasions. Various witnesses described defendant and Benson as being mad, upset and "in a rage" about these altercations. In reference to these fights, defendant was heard to say that he was "going to get back at" decedent and his friends and "we got to catch them one-on-one and we'll do it execution style".

The evidence also demonstrated that defendant and Benson left the second floor apartment where they were staying, which was diagonally across the street from the parking lot where the shooting occurred, just a few minutes before Tamika Williams, who was also staying at the same apartment, heard gunshots. Shortly thereafter, Williams overheard defendant and Benson, who had returned to the apartment, say, "They was shooting at us." Williams also heard someone say, "We got him." Another occupant of the apartment, Robert Singleton, testified that both defendant and Benson returned to the apartment after gunshots were heard outside, each with a gun in his possession. Singleton testified that he put the .45-caliber semiautomatic pistol that defendant had and the .380-caliber semiautomatic pistol that Benson had in a plastic bag and threw the bag out the window. Significantly, testimony revealed that the gun which defendant possessed was one of the weapons used to shoot decedent. The testimony of Williams and Singleton was corroborated in several respects by other witnesses. Under these circumstances, we find the evidence

legally sufficient for a jury to find that defendant murdered decedent (*see, People v Contes*, 60 NY2d 620). Applying the appropriate standard (*see, People v Bleakley*, 69 NY2d 490, 495), we also conclude that the jury's verdict is not against the weight of the evidence.

We find no error in County Court's *Sandoval* ruling, which permitted the prosecutor to cross-examine defendant concerning the underlying acts on which his 1988 plea of guilty to robbery in the first degree was based. County Court limited such inquiry to whether defendant committed the crime of robbery by participating in an attempt to forcibly take property. County Court ruled that the prosecution could not make any reference to the use of a weapon in the prior crime inasmuch as the instant charges involved a gun. The prior robbery conviction shows that defendant put his own self-interest before that of society (*see, People v Tucker*, 165 AD2d 900) and was an appropriate subject for inquiry to impeach defendant if he took the witness stand (*see, People v Pollock*, 50 NY2d 547). We find that County Court properly exercised its discretion with respect to the *Sandoval* issue.

Defendant further claims that County Court's jury charge was deficient and deprived him of a fair trial. We note that defense counsel neither requested that a certain charge be given nor took an exception to the charge as given. Accordingly, this issue has not been preserved by defendant for appellate review (*see,* CPL 470.05 [2]; *People v Ford*, 66 NY2d 428, 441). Furthermore, we find that reversal is not warranted in the interest of justice (*see,* CPL 470.15 [6]) inasmuch as the court's charge regarding circumstantial evidence was appropriate in the circumstances and not prejudicial to defendant (*see, People v Adams*, 69 NY2d 805, 806).

We have examined defendant's *pro se* brief and find his contention that he was deprived of the effective assistance of counsel to be without merit. The record indicates that defendant received meaningful representation of counsel (*see, People v Satterfield*, 66 NY2d 796; *People v Baldi*, 54 NY2d 137, 146-147). The judgment of conviction should be affirmed.

Cardona, P. J., Mikoll, Mercure and White, JJ., concur. Ordered that the judgment is affirmed.