■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC BENSON, Also Known as E., Appellant. [650 NYS2d 448] —Casey, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), entered March 16, 1994, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant's conviction arises out of an incident in the City of Albany during which Duane Johnson was shot to death with handguns. Defendant and codefendant Michael Lopez were indicted on murder and weapons charges and tried together.

Both were convicted of murder in the second degree and acquitted of the weapons charge. The judgment convicting Lopez was recently affirmed by this Court (*People v Lopez*, 220 AD2d 831, *lv denied* 87 NY2d 848).

On this appeal, defendant concedes the legal sufficiency of the evidence but argues that the guilty verdict is against the weight of the evidence. We rejected a weight of the evidence argument in the appeal by Lopez (*People v Lopez, supra*, at 832-833) and we see no reason to reach a different conclusion in this case. The relevant evidence is outlined in our decision in the *Lopez* appeal *(supra)*. Defendant contends that prosecution witnesses Tamika Williams and Robert Singleton had substantial reasons to lie and that the testimony of a third witness, Stanley McLean, was equivocal at best on the issue of defendant's guilt. We agree with defendant that there were serious credibility issues raised by the testimony of these witnesses, but after reviewing the record we cannot say that the jury's resolution of the credibility issues in favor of the prosecution was against the weight of the evidence (*see, e.g., People v Royall*, 172 AD2d 703, 703-704, *lv denied* 78 NY2d 973).

Defendant argues that County Court abused its discretion and abridged defendant's constitutional right to confront the witnesses against him when it limited his cross-examination. Specifically, defendant asserts that, during defense counsel's cross-examination of prosecution witnesses Williams, McLean and Singleton, the court sustained objections to proper questions, refused to explain its rulings and suggested that the cross-examination was misguided with perhaps an ulterior motive. We disagree. Williams' inconsistent statement which defense counsel sought to elicit did not have a proper foundation laid to permit its introduction since the requirements for the introduction of such evidence were not met (*see*, Prince, Richardson on Evidence § 6-411, at 407 [Farrell 11th ed]; *see also, Larkin v Nassau Elec. R. R. Co.*, 205 NY 267). Therefore, the objections to the introduction of such evidence were properly sustained.

County Court also properly sustained objections to a portion of Williams' second statement to police. The issue was whether Williams was awake or asleep when defendant and Lopez returned to the apartment after the shooting. During trial Williams testified that she was awake at the time, which is what her second statement said, and therefore there is no inconsistency. Furthermore, we do not find McLean's failure to specify which shooter was wearing which color jacket to be critical. McLean had previously given a statement to the police specify-

ing the jacket worn by each person and was not questioned further about this matter at trial. What McLean did state was that the green jacket which the prosecution entered in evidence was not the jacket which he saw one of the shooters wearing. Therefore, there is no inconsistency. As to County Court's refusal to permit continuing cross-examination about an inconsistency between McLean's Grand Jury testimony and his trial testimony regarding the skin colors/complexions of the shooters, we find no abuse of the court's discretion. When the inconsistency was admitted by McLean, it did not have to be belabored. The inquiry is ended by the admission (*see, Hanlon v Ehrich*, 178 NY 474, 480).

This rationale also applies to defense counsel's questioning of Singleton about whether he knew that dealing drugs was illegal. It is claimed that defense counsel was inappropriately precluded from inquiring into this circumstance. To the contrary, Singleton had admitted to having been a drug dealer; therefore, prolonged questioning about his drug dealing was not appropriate and County Court did not abuse its discretion by limiting such questions.

Finally, we do not find that defendant was deprived of a fair trial because County Court criticized his counsel in the presence of the jury. Defense counsel did not request curative instructions that the jury should disregard such colloquy or move for a mistrial on this basis. If we were to reach the merits of defendant's claim in this regard, we would find no reversible error. Defendant refers to only seven such incidents in a trial which lasted a week and a half. These instances, even cumulatively, were not so excessive as to deny defendant a fair trial (*cf., Dicker v Waldbaum's, Inc.*, 56 AD2d 621; *Rudnik v Norwich Pharmacal Co.*, 34 AD2d 912). Accordingly, the judgment of conviction should, in all respects, be affirmed.

Mikoll, J. P., White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.