■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM E. RUST, Appellant. [650 NYS2d 831] —Carpinello, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 8, 1995, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.

Defendant was convicted of the crime of criminal possession of a weapon in the third degree. The charge arose out of a family dispute that occurred at the home of defendant's father-in-law, Dale Whitman, Sr., in the City of Binghamton, Broome County, during a Fourth of July cookout. After a heated argument between defendant and Whitman, defendant approached Whitman with a six-inch fish-fillet knife. The two struggled on the ground and defendant slashed at Whitman with the knife, causing a superficial wound to the shoulder.

Defendant argues that County Court erred in failing to adequately address a question from the jury as to the legal meaning of the term "self-defense". As defendant's counsel failed to object to this claimed error, it is unpreserved for our review (*see, People v Lopez*, 220 AD2d 831, 833, *lv denied* 87 NY2d 848; *People v Hesterbey*, 134 AD2d 615, *lv denied* 70 NY2d 1007; *People v McCorkle*, 119 AD2d 700, 701, *lv denied* 67 NY2d 1054). We decline to exercise our power to reverse on this issue in the interest of justice (*see,* CPL 470.15 [6] [a]). County Court's failure to give a justification charge did not prejudice defendant (*see, People v Lopez, supra,* at 833), since "[j]ustification, based on self-defense * * * pertains only to crimes involving use of physical force and is not applicable to a crime based on possession of a weapon" (*People v Perez*, 125 AD2d 236, 238 [citation omitted], *lv denied* 69 NY2d 884; *see, People v Pons*, 68 NY2d 264).

Defendant next claims that his conviction of criminal possession of a weapon in the third degree is repugnant to his acquittals on the charge of assault in the second degree and the lesser included offense of attempted assault in the second degree. Defendant concedes that this argument is unpreserved (*see, People v Satloff*, 56 NY2d 745, 746), but asks us to reach this issue in the interest of justice. Again, we decline to do so. Defendant has failed to demonstrate that he was prejudiced by the allegedly inconsistent verdicts. When a defendant claims that a jury verdict rendered with regard to a multicount indictment is repugnant, the verdict as to a particular count will be set aside only if it is "inherently inconsistent when viewed in light of the elements of each crime as charged to the jury" (*People v Tucker*, 55 NY2d 1, 4; *see, People v Messina*, 209 AD2d 642, 643, *lv denied* 84 NY2d 1035; *People v Feliciano*, 187 AD2d 448, *lv denied* 84 NY2d 825). The mental element of assault in the second degree is "intent to cause physical injury" (Penal Law § 120.05 [2]), while the mental element of criminal possession of a weapon in the third degree is "intent to use [the weapon] unlawfully against another" (Penal Law § 265.01 [2];

*see,* Penal Law § 265.02 [1]). We have previously held that there is no inconsistency between acquittal on assault charges and conviction for weapons possession, "because one can intend to use a weapon unlawfully against another, e.g., to commit the crime of menacing * * * without necessarily intending to inflict physical injury on that person" (*People v Garcia*, 194 AD2d 1011, 1012, *lv denied* 82 NY2d 895). Accordingly, because the counts on which defendant was acquitted did not share a common element with the count on which he was convicted, the verdicts were not repugnant (*see, supra,* at 1013).

Defendant also claims that the verdict is against the weight of the evidence. Weight of the evidence review requires us to view the evidence in a neutral light and to make our own independent determination regarding the " ' "relative probative force * * * of conflicting inferences that may be drawn from the testimony" ' " (*People v Carthrens*, 171 AD2d 387, 392, quoting *People v Bleakley*, 69 NY2d 490, 495; *see, People v Mac-Donald*, 227 AD2d 672, 674). Having undertaken our own independent review of the record in this case, we are satisfied that the verdict was not against the weight of the evidence. We cannot agree with defendant that the evidence against him was ambiguous. An eyewitness to the incident testified that just prior to the struggle, defendant had a knife in his hands and stated that he was going to "carve some people up". The eyewitness further testified that during the fight, defendant was bringing the knife up and down in a stabbing motion. Whitman's son testified that defendant threatened to kill Whitman and that defendant came at Whitman with a knife even after Whitman fell while backing away from defendant. Based upon this testimony, the jury's verdict that defendant had acted with intent to use a weapon unlawfully against another was supported by the weight of the evidence.

Finally, it is clear from the record that defendant received meaningful assistance from his attorney (*see, People v Baldi*, 54 NY2d 137, 147). The success of defense counsel's representation is evidenced by the fact that defendant was acquitted of the assault charges and was convicted only of the weapons possession charge (*see, People v Benyon*, 158 AD2d 609). Further, our review of the record indicates that counsel engaged in motion practice, repeatedly objected during the People's examination of their witnesses, and vigorously cross-examined those witnesses (*see, People v Johnson*, 213 AD2d 791, 795, *lv denied* 85 NY2d 975; *People v Harris*, 200 AD2d 863, 864, *lv denied* 83 NY2d 872).

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.