■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUDE J. HOLLAND, Appellant. [719 NYS2d 320] —Mugglin, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered May 28, 1999, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.

This charge arose out of a State Police investigation of a domestic complaint regarding defendant. When the State Trooper entered defendant's residence, he found defendant brandishing a saber type sword. Defendant refused to comply with the police officer's request to drop the sword and instead raised it in a threatening manner, which precipitated the Trooper's use of pepper spray. Defendant now seeks reversal of the judgment of conviction arguing that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence, the charge to the jury was in error and defendant was deprived of effective assistance of counsel.

We affirm. It is well settled that a jury verdict is supported by legally sufficient evidence if that evidence rationally supports the conclusion that each element of the crime charged has been established beyond a reasonable doubt (*see, People v Bleakley*, 69 NY2d 490, 495). Here, defendant asserts a lack of any evidence to support the element that the sword was a dangerous or deadly instrument or weapon and the element that he possessed the sword with the intent to use it unlawfully. Since the sword was introduced into evidence by the prosecution, the jurors could employ their own senses to determine whether it constituted a dangerous or deadly instrument or weapon sufficient to support that element of the crime charged. Since we believe that the jury could reasonably and rationally conclude that the sword was a dangerous instrument (*see, People v Archbold*, 257 AD2d 676, 677, *lv denied* 93 NY2d 850), readily capable of inflicting serious physical injury or of causing death, there is no merit to defendant's contention in this regard. Further, we conclude, based on the testimony of the Trooper, that the manner in which defendant brandished the sword, advanced toward him and refused to drop the sword rationally supports the conclusion reached by the jury that defendant intended to use it in an unlawful manner. Viewing this evidence in the light most favorable to the People (*see, People v Ford*, 174 AD2d 853, *lv denied* 78 NY2d 955), the evidence was sufficient to establish this element of the crime charged.

Defendant's different version of these events does not compel a different result since it is the jury's function to determine issues of credibility and to accept any portion of the evidence it deems worthy of belief, rejecting the balance (*see, People v Rose*, 215 AD2d 875, 876, *lv denied* 86 NY2d 801). Since we find no reason to disturb the jury's assessment of credibility, we reject defendant's present contention that the verdict was against the weight of the evidence.

Next, since defendant failed to object to County Court's charge to the jury, his contentions with respect thereto have not been preserved for appellate review (*see, People v Vargas*, 88 NY2d 363, 381; *People v Lopez*, 220 AD2d 831, 833, *lv denied* 87 NY2d 848), and defendant has failed to advance any significant reason supporting our entertaining these present contentions in the interest of justice (*see*, CPL 470.15).

Finally, defendant's assertion that he was deprived of effective assistance of counsel is unavailing. Defendant points to defense counsel's failure to move to suppress the evidence based upon an alleged illegal entry and search of the residence by the police officer, to request a hearing with respect to defendant's competency, to meaningfully participate in a *Sandoval* hearing and to make objections to evidence offered by the prosecution and County Court's jury charge. "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met * * * A contention of ineffective assistance of trial counsel requires proof of less than meaningful representation, rather than simple disagreement with strategies and tactics" (*People v Rivera*, 71 NY2d 705, 708-709 [citations omitted, internal quotations omitted]).

Applying this standard to the record before us, we cannot say that defense counsel failed to provide meaningful representation. Simply showing that counsel failed to make particular pretrial motions does not, in and of itself, establish ineffective assistance of counsel (*see, People v DeMauro*, 48 NY2d 892). In order to succeed on this claim, defendant must demonstrate the complete absence of any legitimate explanation for counsel's failings, which defendant has failed to do (*see, People v Rivera, supra*, at 709).

Cardona, P. J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.