(November 14, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIRGIA M. HOWARD, Appellant. [749 NYS2d 621] —Spain, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered April 6, 1999 in Rensselaer County, upon a verdict convicting defendant of two counts of the crime of assault in the first degree.

Defendant's conviction stems from an altercation occurring on October 6, 1997 near the intersection of Bond and River Streets in the City of Troy, Rensselaer County, which resulted in serious injury to Jacqueline Ellis (hereinafter the victim). At trial, the victim testified that she and her boyfriend, Donald Hunt, were using a pay phone when she was approached and assaulted by her ex-husband, Arnold Downer, at which point a fight broke out between Hunt and Downer. According to the victim, she was then attacked by a group of women, including defendant, who was Downer's girlfriend and, during the course of that melee, defendant slashed the victim's face with a broken beer bottle. The victim's testimony was corroborated in part by that of Hunt, as well as a witness who had not participated in the fight. Defendant described the incident much differently, claiming that the victim attacked her and her friends with a razor. Downer testified that the victim attacked him with the razor and that the victim's injuries were caused when he struck her with a bottle in self-defense, and this version of events was corroborated in some respects by the trial testimony of defendant's sister and niece. A jury found defendant guilty of

two counts of assault in the first degree (Penal Law § 120.10 [1], [2]). Supreme Court thereafter sentenced defendant, as a second felony offender, to a determinate prison term of 17 years for each count, to be served concurrently.

On appeal, defendant attacks the credibility of the victim, essentially arguing that the verdict should be set aside as against the weight of the evidence. While without question the victim's testimony contains a number of inconsistencies, these inconsistencies, as well as the grounds for the victim's alleged bias against defendant, were thoroughly aired during cross-examination (*see People v Young*, 296 AD2d 588, 592). As it is "the jury's function to determine issues of credibility and to accept any portion of the evidence it deems worthy of belief, rejecting the balance" (*People v Holland*, 279 AD2d 645, 646, *lv denied* 96 NY2d 801), we defer, as is appropriate, to the jury's ability to weigh and assess the witnesses' testimony and its obvious decision to credit the victim's version of the events (*see People v Young, supra* at 592; *People v Ward*, 282 AD2d 819, 820, *lv denied* 96 NY2d 942).

Defendant also relies on a number of alleged trial errors which she asserts entitle her to a new trial. She claims that Supreme Court's decision to permit the victim to testify that another woman said to defendant, "[g]o ahead, fight her one on one. Here she is. You wanted her so bad," allowed hearsay into the record, resulting in reversible error. We conclude that the court properly admitted this statement as it was not admitted for the truth of the matter asserted but, rather, to demonstrate defendant's state of mind at the time of the attack (*see People v Chestnut*, 254 AD2d 525, 526, *lv denied* 93 NY2d 871). In any event, in light of the amount of testimony and other evidence introduced, any error in this regard was harmless. Likewise, we reject defendant's assertion that an unsolicited testimonial remark from the victim—revealing that she had been given a cell phone by the District Attorney because defendant had been "hassling" her—requires reversal. Supreme Court properly denied defendant's ensuing motion for a mistrial inasmuch as the statement was "not elicited by the District Attorney" and the court promptly sustained the objection, struck the offending answer and offered defendant a curative instruction (*People v Polenca*, 204 AD2d 911, 913; *see People v Coager*, 266 AD2d 645, 646-647, *lv denied* 94 NY2d 917; *People v Hilts*, 224 AD2d 824, 826, *lv denied* 88 NY2d 937).

Turning to defendant's claim that the sentence imposed was excessive, we note that "[t]he imposition of the sentence rests within the sound discretion of the trial court, and we should

not interfere unless there has been a clear abuse of discretion or extraordinary circumstances" (*People v King*, 293 AD2d 815, 817-818, *lv denied* 98 NY2d 698). A review of Supreme Court's thorough recitation of its reasoning and the basis for the lengthy sentence demonstrates that the court carefully balanced the mitigating factors, including that the assault was the product of a history of escalating ill will and mutual harassment between defendant and the victim rather than a premeditated attack, against the obvious aggravating factors, i.e., the violent nature of the crime, the severe and permanently disfiguring injuries caused to the victim and defendant's history of violent behavior with a dangerous weapon. Based on these factors and recognizing that the sentence imposed, although substantial, is well within the sentencing parameters (Penal Law § 70.02 [3] [a]), we perceive no basis upon which to disturb the court's discretion (*see People v Long*, 291 AD2d 720, *lv denied* 98 NY2d 677; *People v Gregory*, 290 AD2d 810, *lv denied* 98 NY2d 675).

Defendant's remaining contentions are either not preserved for review or without merit.

Mercure, J.P., Crew III, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.