Rose, J.
Although defendant contends that the verdict was against the weight of the evidence because Levinson and Stein were unworthy of belief, the inconsistencies in their description of the events were fully explored at trial and do not render their testimony incredible as a matter of law (see People v Kruppenbacher, 81 AD3d 1169, 1174 [2011], lv denied 17 NY3d 797 [2011]; People v Richards, 78 AD3d 1221, 1224 [2010], lv denied 15 NY3d 955 [2010]). Further, while the jury apparently credited defendant’s testimony that he did not intend to burglarize or rob the residence and did not know that Buckler had intended to do so, they were nevertheless free to discredit other portions of his testimony (see People v Battease, 3 AD3d 601, 602 [2004]). Defendant admitted that he twice struck Levinson in the head with a billy club, but argued that he was justified in doing so because Levinson attacked him with it first. County Court duly instructed the jury on the justification defense, and Stein and Levinson presented a starkly different version of events. Viewing the evidence in a neutral light and according appropriate deference to the jury’s ability to view the witnesses and *1460 determine credibility (see People v Bleakley, 69 NY2d 490, 495 [1987]), we find no basis to disturb the verdict as against the weight of the evidence (see People v Terry, 85 AD3d 1485, 1487 [2011], lv denied 17 NY3d 862 [2011]; People v Gonzalez, 64 AD3d 1038, 1041-1042 [2009], lv denied 13 NY3d 796 [2009]; People v Howard, 299 AD2d 647, 648 [2002], lv denied 99 NY2d 629 [2003]).
Defendant also contends that it was error to exclude his wife’s proffered testimony that Buckler had stated, in her presence, that he needed a ride to the Levinson residence to collect a debt. While we agree that the proposed testimony was admissible because defendant was not seeking to introduce it for its truth (see People v Johnson, 79 AD3d 1264, 1266-1267 [2010], lv denied 16 NY3d 832 [2011]; People v Howard, 299 AD2d at 648; People v Bruner, 222 AD2d 738, 739 [1995], lv denied 88 NY2d 981 [1996]), its exclusion was harmless since it would only have been relevant to the burglary and robbery charges on which defendant was acquitted. As for the related claim that the special prosecutor should have been disqualified based on his prior representation of defendant’s wife in an unrelated criminal matter, he offered no evidence that the special prosecutor had any prior connection to him or that the prior representation of his wife provided the prosecutor with any information relevant to this matter. Accordingly, defendant established no actual prejudice related to the special prosecutor’s prior representation of his wife so as to require disqualification (see People v English, 88 NY2d 30, 33-34 [1996]; People v Zinkhen, 89 AD3d 1320, 1321 [2011], lv denied 18 NY3d 964 [2012]).
Nor are we persuaded by defendant’s claim that he was denied a fair trial by the special prosecutor’s misconduct. The prosecutor’s questioning of defendant with respect to his prior record was in conformance with the Sandoval ruling and an appropriate follow-up on issues raised by defendant on his direct examination. During the summation, the prosecutor made fair comment on the evidence, responded to the arguments raised by defendant and did not serve as an unsworn witness. To the extent that the prosecutor improperly read a redacted portion of Levinson’s medical records aloud, defendant’s objection was sustained and County Court immediately directed the jury to disregard it. Accordingly, we conclude that the prosecutor’s conduct “was not pervasive or flagrant so as to impede defendant’s right to a fair trial” (People v Blair, 32 AD3d 613, 614 [2006]; see People v White, 79 AD3d 1460, 1464 [2010], lv denied 17 NY3d 791, 803 [2011]), and any error was harmless in the overall context of this trial (see People v Wallender, 27 AD3d 955, 959-960 [2006]).
*1461 Defendant’s procedural challenge to the timing of his persistent felony offender hearing is unpreserved and, in any event, without merit because he ultimately received considerably more notice than the statute provides and there was substantial compliance with the statute’s other provisions as well (see CPL 400.20 [3]; People v Hargroves, 27 AD3d 765, 765 [2006], lv denied 7 NY3d 789 [2006]; People v Elliot, 283 AD2d 183, 184 [2001], lv denied 96 NY2d 901 [2001]). Also, County Court properly relied on defendant’s extensive criminal history and his own testimony in determining whether to sentence him as a persistent felony offender (see People v O’Connor, 6 AD3d 738, 740-741 [2004], lv denied 3 NY3d 639, 645 [2004]). Finally, defendant’s claims that his counsel was ineffective and the persistent felony offender statute is unconstitutional are meritless, and his remaining contentions raised in his pro se brief are unpreserved. Were we to review them in any event, we would find them to be without merit as well.
Peters, P.J., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is affirmed.