■ ARCH-BILT CONTAINER CORPORATION, Respondent, v INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Appellant, et al., Defendants.—In an action for a judgment declaring that the defendant Interboro Mutual Indemnity Insurance Company is obligated to defend and indemnify the plaintiff with respect to an accident which allegedly occurred on January 14, 1980, the defendant Interboro Mutual Indemnity Insurance Company (hereinafter Interboro) appeals from a judgment of the Supreme Court, Queens County (Berkowitz, J.), entered November 15, 1984, which, *inter alia,* declared that it was obligated to defend and indemnify the plaintiff in an action entitled "Helmuth Wulff and Helen Wulff his wife, plaintiffs, against, Arch-Bilt Corrugated Products, Arch-Bilt Container Corp. and Clark Door Co.", to the limits of the insurance policy issued to the plaintiff by it.

Judgment affirmed, with costs.

Based upon the evidence on this record, we conclude that the trial court's findings were not against the weight of the credible evidence. A fair interpretation of the evidence could have led the trial court to conclude that the plaintiff reasonably undertook to investigate the details of an alleged accident on its premises, and upon such investigation formed a reasonable, good-faith belief of nonliability which excused its seem-

ing failure to comply with a provision in the insurance policy which required that the insured notify the insurer of an accident "as soon as practicable" *(see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436; *Holyoke Mut. Ins. Co. v B.T.B. Realty Corp.,* 83 AD2d 603). We further note that upon being served with legal process, the plaintiff immediately forwarded the papers to Interboro.

The trial court properly allowed the plaintiff's witness to testify about out-of-court statements of a third party, which revealed the nature of the accident and injuries, since such evidence was not offered for the truth of the statements, but was offered solely to establish the witness' state of mind, i.e., could he reasonably rely on such statements and in so relying form a good-faith belief of nonliability. As such, this testimony was not hearsay and was properly admitted *(see, Matter of Bergstein v Board of Educ.,* 34 NY2d 318; *Holyoke Mut. Ins. Co. v B.T.B. Realty Corp., supra).*

We have reviewed Interboro's other arguments and find them to be without merit. Mollen, P. J., Mangano, Gibbons and Bracken, JJ., concur.