■ In the Matter of HERNANDO RIZO, Petitioner, v NEW YORK STATE BOARD OF PAROLE, Respondent. [674 NYS2d 180] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: In this CPLR article 78 proceeding, petitioner seeks to annul the determination of respondent rescinding its prior determination that granted him a conditional parole for deportation only (CPDO) pursuant to Executive Law § 259-i (2) (d). Respondent temporarily suspended petitioner's early release date after receiving a letter from William Comiskey, the Deputy Attorney-General of the Organized Crime Task Force that prosecuted petitioner. Comiskey objected to granting early release because petitioner was a "high level manager[ ] of the Cali Cartel responsible for the importation and distribution of literally tons of cocaine in the State of New York", "intimately tied to the operation of the Cali Cartel in the United States" and "directly to the operational head of the Cartel in Columbia, Jaime Orjuela". Comiskey also wrote that the cartel is "an enormously sophisticated and violent international criminal syndicate headquartered in Cali, Columbia" and that "violence is a key aspect of the business of the Cartel". The testimony of Comiskey at the rescission hearing essentially conformed with the contents of his letter.

We agree with respondent that the information in the Comiskey letter and the testimony of Comiskey at the rescission hearing with respect to petitioner's high-ranking position in the Cali drug cartel constitute significant information that was not previously known to respondent. The documents considered by respondent at the initial hearing did not put respondent on notice that petitioner was connected to the cartel or involved in a long-term, sophisticated drug operation. Rather, the Presentence Investigation Report of petitioner merely stated that petitioner's involvement in the drug business was limited to a 10-day period with five accomplices and that his prognosis for future community adjustment is "guarded." The new information provided by Comiskey is " 'significant' " and constitutes substantial evidence to support respondent's determination to rescind petitioner's early release as a CPDO (Matter of Ortiz v New York State Bd. of Parole, 239 AD2d 52, 56, quoting 9

NYCRR 8002.5 [b] [2] [i], and citing Executive Law § 259-i [2] [c] and *300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 180-181).

Although petitioner possessed a liberty interest in his parole release after respondent's original determination, "the rescission of parole did not violate the due process rights of petitioner" because he "was represented by counsel and the procedures provided in the parole rescission proceedings were constitutionally sufficient" (*Matter of Ortiz v New York State Bd. of Parole, supra*, at 57, citing *Green v McCall*, 822 F2d 284 and 9 NYCRR 8002.5 [b] [5]).

We have considered the remaining contention of petitioner and conclude that it is without merit. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Pigott, Jr., J.) Present—Denman, P. J., Lawton, Wisner, Balio and Boehm, JJ.