■ In the Matter of HOWARD M. BISHOP, Petitioner, v DANA M. SMITH, as Superintendent of Ogdensburg Correctional Facility, et al., Respondents. [751 NYS2d 82] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of the Division of Parole which rescinded petitioner's open parole release date and imposed a hold period of 24 months.

Petitioner commenced this CPLR article 78 proceeding after the Board of Parole rescinded its prior determination granting him an open parole release date of June 20, 2000. The Board temporarily suspended the open release date after an arrest warrant, dated June 9, 2000, had been issued against petitioner charging him with the crime of aggravated harassment in the second degree. The charge was based upon the complaint and supporting deposition of petitioner's sister-in-law who alleged that he had repeatedly telephoned her family's residence from the correctional facility and on one occasion had threatened that he would appear at the residence following his release from prison causing concern, inasmuch as he had been accused of sexually molesting one of her children. Following a parole release rescission hearing, the Board rescinded petitioner's open parole release date and imposed a hold period of 24 months. The decision was sustained upon administrative appeal.

The Board is empowered to rescind a decision granting an open parole release date when there is substantial evidence that an inmate has committed "significant misbehavior" including the violation of a prison disciplinary rule (*see* 9 NYCRR 8002.5 [b] [2] [i], [ii] [a]). Evidence of such misbehavior was presented before the Board in the form of the arrest warrant charging petitioner with the crime of aggravated harassment in the second degree, the deposition of petitioner's sister-in-law in which she described the unwanted calls from petitioner and stated that he had been repeatedly admonished to desist, and petitioner's own testimony wherein he admitted to having telephoned his brother's residence (although he maintained that the line was always busy). On this record, petitioner failed to sustain his burden of demonstrating that substantial evidence is lacking to support the Board's determination that petitioner engaged in significant misbehavior and violated the prison disciplinary rule prohibiting inmates from making telephone calls for the purpose of harassing or intimidating anyone (*see* 7 NYCRR 270.2 [B] [22] [iii]; 723.3 [e] [4]; *Matter of Currie v New York State Bd. of Parole*, 298 AD2d 805; *Matter of Hicks v New York State Div. of Parole*, 255 AD2d 842, *lv dismissed and denied* 93 NY2d 846). The remaining issues raised herein, including petitioner's assertions of procedural violations, have been reviewed and found to be without merit.

Cardona, P.J., Peters, Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.