■ In the Matter of DAVID BROOKS, Petitioner, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, Respondent. [797 NYS2d 183]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of the Board of Parole which rescinded petitioner's open parole release date and imposed a hold period of 24 months.

In October 2001, petitioner was granted an open parole release date of December 17, 2001. While awaiting his release, however, petitioner was issued a misbehavior report charging him with the use of illegal drugs after his urine tested positive for marihuana. At a tier III disciplinary hearing, petitioner pleaded guilty to the charged offense and was assessed a penalty of 45 days in keeplock and the loss of various privileges. Thereafter, a parole release rescission hearing was held, after which the Board of Parole rescinded petitioner's open parole release date and imposed a hold period of 24 months. That decision was upheld upon administrative appeal, resulting in this CPLR article 78 proceeding.

Initially, we address petitioner's contention that his due process rights were violated when he was not properly informed of his right to be represented by counsel (see 9 NYCRR 8002.5 [b] [5] [iii] [a]). The notice provided to petitioner concerning the rescission hearing erroneously stated that he had "the right to appear at the hearing with *retained* counsel" (emphasis added). Nevertheless, at the rescission hearing, petitioner knowingly, intelligently and voluntarily waived his right to counsel and, thereafter, admitted the underlying misconduct and "accept[ed] responsibility for it."

We also find that the Board's determination is supported by

substantial evidence (*see Matter of Bishop v Smith*, 299 AD2d 777, 778 [2002]; *Matter of Rizo v New York State Bd. of Parole*, 251 AD2d 997, 997-998 [1998], *lv denied* 92 NY2d 811 [1998]). The record reveals that petitioner pleaded guilty to the offense charged in the misbehavior report at both the tier III disciplinary hearing and at the rescission hearing. Petitioner's guilty pleas are sufficient evidence of a "significant misbehavior or a major violation of facility rules" for the Board to rescind its prior grant to petitioner of an open parole release date and impose a 24-month hold period (9 NYCRR 8002.5 [b] [2] [ii] [a]; *see* 9 NYCRR 8002.5 [d] [1]; *Matter of Bishop v Smith, supra* at 778). Petitioner's remaining arguments have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.