In the Matter of CYNTHIA PUGH, Petitioner, v NEW YORK STATE BOARD OF PAROLE et al., Respondents. [798 NYS2d 182]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County), to review a determination of respondent Board of Parole which rescinded petitioner's open parole release date and imposed a hold period of 24 months.

In 1983, petitioner was convicted of murder in the second degree and sentenced to a prison term of 20 years to life (*see People v Pugh*, 107 AD2d 521 [1985], *lvs denied* 65 NY2d 985 [1985], 67 NY2d 764 [1986]). On February 2, 2004, after interviewing petitioner, respondent Board of Parole agreed to grant her an open parole release date of March 25, 2004. On February 13, 2004, a Commissioner of the Board held a victim impact hearing at the request of the victim's widow and three children, who had not previously been notified of when petitioner would be considered for parole.* Based on a report of the victim impact hearing and letters from the District Attorney who had prosecuted petitioner, the Board temporarily suspended her release date and later held a parole rescission hearing. Following that hearing, the Board found that the statements of the victim's children provided new information warranting rescission of petitioner's release and imposed a hold period of 24 months. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding, which was transferred to this Court.

Besides raising a number of procedural objections to the hearings held here, petitioner contends that the victim impact statements cited by the Board in making its determination do not constitute substantial evidence justifying rescission of her release on parole. We disagree. Under the circumstances here, the Board's broad discretion to rescind parole (*see Matter of De Zimm v New York State Bd. of Parole*, 135 AD2d 66, 69 [1988]) was limited only by the requirement that there be substantial evidence of significant information not previously known by the Board (*see* 9 NYCRR 8002.5 [b] [2] [i]; *Matter of Ortiz v New York State Bd. of Parole*, 239 AD2d 52, 55-56 [1998], *lv denied* 92 NY2d 811 [1998]).

---

* This case reveals an unfortunate consequence of the lack of a statute or rule requiring the Board to timely notify crime victims of when an inmate will be considered for parole.

Victim impact statements are one of the factors to be considered in determining whether to release an inmate on parole (*see* Executive Law § 259-i [2] [c] [A] [v]). Here, the victim's children clearly described the adverse impacts of their father's death on their lives. These impacts included their continuing distress that petitioner has never admitted her crime or expressed remorse. While some of the facts alleged at the victim impact hearing were already known to the Board or are matters of pure conjecture, the children's statements describing the impact of this crime—and petitioner's remorselessness—upon them, and their personal, subjective feelings in reaction to it, constitute significant information which they had not previously communicated to the Board. Thus, upon our review of the record, we find the Board's determination to be supported by substantial evidence of significant information that had not previously been before it (*see Matter of Rizo v New York State Bd. of Parole*, 251 AD2d 997, 998 [1998], *lv denied* 92 NY2d 811 [1998]).

Turning to petitioner's objections to the conduct of the rescission hearing, we note that where, as here, the Board is considering rescission, an inmate's rights to due process are adequately protected if the procedures outlined in 9 NYCRR 8002.5 (b) (5) are followed (*see Matter of Rizo v New York State Bd. of Parole, id.* at 998). Given that, petitioner raises only two procedural issues that need to be discussed. First, contrary to petitioner's claim that the Board failed to inform her of the specific allegations forming the basis for rescission as required by 9 NYCRR 8002.5 (b) (5) (ii), the record reflects that she was timely provided with a copy of the rescission report, which detailed the sources of the information upon which the rescission hearing was based, and a full transcript of the victim impact hearing. We perceive no further requirement that the Board also identify which of the victim statements would be considered most relevant to whether petitioner should be released.

Second, we reject the argument that the consideration of hearsay evidence at the rescission hearing denied petitioner her right to confront witnesses (*see* 9 NYCRR 8002.5 [b] [5] [iii] [c]). In parole matters, evidentiary rules are relaxed and a witness's nonattendance does not violate an inmate's right to confront and cross-examine where good cause is found by the officers conducting the hearing (*see* 9 NYCRR 8005.2 [a]; *People ex rel. McGee v Walters*, 62 NY2d 317, 322 [1984]; *see also* 9 NYCRR 8002.5 [b] [5] [iii] [c]). Here, the Board expressly overruled petitioner's hearsay objection to admission of one of the District Attorney's letters and the transcript of the victim impact hear-

ing. The context of this ruling makes clear that the letter and the transcript were not subject to a hearsay objection because they were offered to establish that they were made and show the states of mind and opinions of the victim's children and the District Attorney, not for their truth (*see People v Ricco*, 56 NY2d 320, 328 [1982]; *Matter of Rosenhain*, 193 AD2d 903, 906-907 [1993], *lv dismissed* 82 NY2d 820 [1993]; *Arch-Built Container Corp. v Interboro Mut. Indem. Ins. Co.*, 119 AD2d 713, 714 [1986]; Prince, Richardson on Evidence § 8-106 [Farrell 11th ed]). Inasmuch as the basis for rescission was clearly stated by the Board to be the impacts of petitioner's crime upon the victim's children, their presence was not needed for them to communicate those impacts, cross-examination would have served no truth-seeking purpose and the children would have been unnecessarily subjected to further emotional distress. Thus, we conclude that there was ample good cause to excuse their attendance. Moreover, petitioner could have called the victim's children if she truly believed that cross-examination would have supported her position (*see* 9 NYCRR 8002.5 [b] [5] [iii] [b]).

Petitioner's remaining contentions, including her assertions of procedural errors in the scheduling and conduct of the victim impact hearing, have been reviewed and found to be without merit, particularly in light of the Board's discretion to waive certain requirements pursuant to 9 NYCRR 8002.4 (d).

Crew III, J.P., Peters, Spain and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.