In the Matter of SHUA'AIB A. RAHEEM, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [888 NYS2d 631]—

Spain, J. Appeal from a judgment of the Supreme Court (Zwack, J.), entered October 8, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, prohibit respondent from commencing a parole rescission hearing.

In 1973, petitioner and three codefendants robbed a sporting goods store in Brooklyn and, during an ensuing standoff with police, petitioner and his cohorts held 12 people hostage and exchanged gunfire with police, killing one police officer and injuring two others. Petitioner was convicted of depraved indifference murder, felony murder, manslaughter, assault and reckless endangerment, as well as several counts of criminal possession of a dangerous weapon, kidnapping, robbery and grand larceny. He was sentenced to multiple concurrent terms of imprisonment, the aggregate of which is 25 years to life.

In November 2007, after his sixth appearance before respondent, petitioner—then age 58—was granted parole. In granting parole, respondent noted petitioner's receipt of multiple college degrees, his leadership role in the prison's Youth Assistance Program, his work in the area of restorative justice, and a codefendant had been granted parole about 10 years earlier. After being notified of petitioner's impending release, a number of the victims of petitioner's crimes were granted an opportunity to give statements to respondent. During three days of victim impact hearings, two of the hostages, one of the injured police officers and the widow and other members of the slain officer's family gave statements describing the effect of petitioner's crimes upon their lives. On December 26, 2007, after the initial hearing, respondent temporarily suspended petitioner's release. On February 8, 2008, after the final hearing, respondent scheduled a rescission hearing to consider whether to rescind its grant of parole, citing victim impact information provided at the hearings that was not previously known to it. Petitioner then commenced this proceeding seeking to prohibit respondent from holding the scheduled rescission hearing, alleging that respondent's actions in initiating rescission proceedings were in excess of its jurisdiction. Respondent has granted petitioner's continued requests for adjournments of the hearing. Supreme Court ultimately dismissed petitioner's application and he now appeals.

The extraordinary remedy of prohibition is available where a "body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction" (CPLR 7803 [2]; *see Matter of Town of Huntington v New York State Div. of Human Rights*, 82 NY2d 783, 786 [1993]). Prohibition may be maintained in order to prevent a body or officer acting in a judicial or quasi-judicial capacity from acting in excess of its jurisdiction, provided there is a clear legal right to relief (*see Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358, 361-362 [2008]; *Matter of Maisonet v Merola*, 69 NY2d 965, 966 [1987]), but may not be used as a "means of seeking collateral review of a mere error of law in the administrative process" (*Matter of Doe v Axelrod*, 71 NY2d 484, 490 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 353 [1986]; *La Rocca v Lane*, 37 NY2d 575, 580 [1975], *cert denied* 424 US 968 [1976]). Even when the requirements for a writ of prohibition are met, courts have discretion and "must consider other factors such as the gravity of the potential harm caused by the threatened excess of power or whether other proceedings in law or equity could correct the flaw" (*Matter of Town of Huntington v New York State Div. of Human Rights*, 82 NY2d at 786; *see Matter of Garner v*

*New York State Dept. of Correctional Servs.*, 10 NY3d at 362; *La Rocca v Lane*, 37 NY2d at 579; *Matter of Schmitt v Skovira*, 53 AD3d 918, 921 [2008]). Where a petitioner "has access to another adequate legal remedy," prohibition will not lie (*Matter of Town of Huntington v New York State Div. of Human Rights*, 82 NY2d at 786).

Under 9 NYCRR 8002.5 (b) (2) (i), parole release may be temporarily suspended or rescinded based upon "significant information which existed . . . where such information was not known by [respondent]."* Under Executive Law § 259-i, respondent must consider any statement made by the victims (*see* Executive Law § 259-i [2] [c][A] [v]). This Court has previously concluded that victim impact statements can constitute significant information which, when submitted to respondent even after its determination, may justify the temporary suspension or rescission of parole and, thus, respondent did not exceed its jurisdiction by scheduling a rescission hearing here (*see Matter of Pugh v New York State Bd. of Parole*, 19 AD3d 991, 992-993 [2005], *lv denied* 5 NY3d 713 [2005]; *see also People ex rel. Victory v Herbert*, 277 AD2d 933 [2000], *lv denied* 96 NY2d 705 [2001]). As none of the victims had previously submitted any victim impact statements, their statements constituted significant information not previously known by respondent (*see Matter of Pugh v New York State Bd. of Parole*, 19 AD3d at 993; *see also Matter of Ortiz v New York State Bd. of Parole*, 239 AD2d 52, 56 [1998], *lv denied* 92 NY2d 811 [1998]). Notably, it does not appear that any of the victims who gave statements before respondent had ever been personally interviewed by the Probation Department. Petitioner's argument that these statements are not new information because respondent could anticipate the impact of the crimes on the victims is without merit, as their actual subjective experience is clearly significant information previously unknown to respondent (*see Matter of Pugh v New York State Bd. of Parole*, 19 AD3d at 993; 9 NYCRR 8002.4 [d] [6]).

We also find unavailing petitioner's contention that respondent acted outside of its statutory and regulatory authority in holding victim impact hearings after a parole determination was made. Neither Executive Law § 259-i nor CPL 440.50 requires

---

* While substantial evidence must support a decision to rescind parole (*see Matter of Brooks v Travis*, 19 AD3d 901, 901-902 [2005]; *Matter of Bishop v Smith*, 299 AD2d 777, 778 [2002]; 9 NYCRR 8002.5 [d] [1]; *see also Matter of Rizo v New York State Bd. of Parole*, 251 AD2d 997, 997-998 [1998], *lv denied* 92 NY2d 811 [1998]), only the existence of significant new information is required to support respondent's decision to temporarily suspend parole or hold a rescission hearing (*see* 9 NYCRR 8002.5 [b] [2] [i]).

that victims' statements be submitted prior to the parole determination to be considered (*see e.g. Matter of Pugh v New York State Bd. of Parole*, 19 AD3d at 993). In fact, 9 NYCRR 8002.5 grants respondent the discretionary authority to rescind or modify any of its decisions (*see* 9 NYCRR 8002.5 [d]). While 9 NYCRR 8002.4 (d) contemplates that victim impact statements will precede parole determinations, it also provides that respondent may waive any filing deadlines or other limitations on the victims' right to be heard so as to "ensur[e] that crime victims are treated with fairness, sensitivity and dignity" (9 NYCRR 8002.4 [d]). Therefore, as these statutes and regulations are intended to facilitate the right of victims to be heard, limited only by practical considerations, they should not be interpreted so as to preclude victims from exercising the rights that they are meant to promote (*see Matter of Pugh v New York State Bd. of Parole*, 19 AD3d at 993; 9 NYCRR 8002.4 [a]). Inasmuch as respondent has not exceeded, or threatened to exceed, its jurisdiction, Supreme Court properly denied petitioner's request for a writ of prohibition (*see* CPLR 7803 [2]; *Matter of Pugh v New York State Bd. of Parole*, 19 AD3d at 993).

We have considered petitioner's remaining contentions and find they do not entitle him to a writ of prohibition.

Mercure, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.