■ In the Matter of JOSE DIAZ, Petitioner, v ANDREA W. EVANS, as Chair of the Division of Parole, Respondent. [935 NYS2d 224]—

Lahtinen, J.

In 1991, in the course of trying to gun down a rival drug dealer, petitioner fired a hail of bullets into a convenience store, killing an assistant district attorney for the Bronx District Attorney's office. As a result, petitioner was convicted of, among other things, murder in the second degree and sentenced to an aggregate prison term of 15 years to life. In April 2009, after his third appearance before the Board of Parole, the Board granted parole with an open parole release date of August 25, 2009. However, after they were notified of petitioner's impending release, several members of the victim's family and the Bronx District Attorney's office submitted letters in opposition and petitioner's release was temporarily suspended. The Board concluded that the information was new and accordingly scheduled a rescission hearing. Following the hearing, the Board determined that there was substantial evidence warranting rescission of petitioner's parole release and imposed a 24-month hold. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding and Supreme Court ultimately transferred the proceeding to this Court.

We confirm. The Board's broad discretion to rescind parole is limited only by the requirement that there be substantial evidence of significant information not previously known by the Board (*see* 9 NYCRR 8002.5 [b] [2] [i]; *Matter of Pugh v New York State Bd. of Parole*, 19 AD3d 991, 992 [2005], *lv denied* 5 NY3d 713 [2005]; *Matter of Ortiz v New York State Bd. of Parole*, 239 AD2d 52, 55 [1998], *lv denied* 92 NY2d 811 [1998]). Here, the victim impact statements taken following the original parole release decision and letters from the victim's family members contain detailed descriptions of the ongoing devastating impacts of petitioner's crime, far beyond any information contained in petitioner's sentencing minutes or the presentence investigation report. These statements and letters thus constituted significant information not previously known by the Board and provide substantial evidence to support rescission (*see Matter of Raheem v New York State Bd. of Parole*, 66 AD3d 1270, 1272 [2009], *lv denied* 14 NY3d 702 [2010]; *Matter of Pugh v New York State Bd. of Parole*, 19 AD3d at 993). To the extent that petitioner contends that he was deprived of due process, our review of the record demonstrates that he was adequately represented by counsel and the proceedings employed in rescinding his parole were constitutionally sufficient (*see Matter of Rizo v New York State Bd. of Parole*, 251 AD2d 997, 998 [1998], *lv denied* 92 NY2d 811 [1998]; *Matter of Ortiz v New York State Bd. of Parole*, 239 AD2d at 57).

Petitioner's remaining contentions have been considered and found to be either unpreserved or without merit.

Mercure, A.P.J., Spain, Malone Jr. and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.