Lahtinen, J.
*1513 The officer’s wife, his four children and other family members gave oral and written victim impact statements in October 2009. The Board ordered a rescission hearing and, following an unsuccessful CPLR article 78 proceeding by petitioner to prohibit the Board from conducting the rescission hearing, such hearing was eventually conducted in October 2010. Evidence presented by petitioner included his laudable achievements while incarcerated as well as support from, among others, a college professor and a member of the clergy. The Board nonetheless unanimously voted to rescind the release date finding that the “compelling statements” from the victim’s family constituted significant new information. His administrative appeal was unsuccessful and this proceeding ensued.
Petitioner contends that the victim impact statements were not significant new information and, thus, his parole release date should not have been rescinded. Under circumstances such as prevail here, “the Board’s broad discretion to rescind parole was limited only by the requirement that there be substantial evidence of significant information not previously known by the Board” (Matter of Pugh v New York State Bd. of Parole, 19 AD3d 991, 992 [2005], lv denied 5 NY3d 713 [2005] [citation omitted]; see Matter of Diaz v Evans, 90 AD3d 1371, 1372 [2011]; 9 NYCRR 8002.5 [b] [2] [i]). There has been a growing awareness over the last several decades of the importance of keeping crime victims apprised and permitting their input (see e.g. Executive Law art 23; Peter Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 440.50 at 152), and statements from victims are one of the statutorily required considerations for parole release (see Executive Law § 259-i [2] [c] [A] [v]). Thus, “victim impact statements can constitute significant information which, when submitted to [the Board] even after its determination, may justify the temporary suspension or rescission of parole” (Matter of Raheem v New York State Bd. of Parole, 66 AD3d 1270, 1272 [2009], lv denied 14 NY3d 702 [2010]; see Matter of Diaz v Evans, 90 AD3d at 1372; Matter of Pugh v New York State Bd. of Parole, 19 AD3d at 993). Where victims have not previously submitted statements, the “argument that these statements are not new information because [the Board] could anticipate the impact of the crimes on the victims is without merit, as their actual subjective experience is clearly significant information previously unknown to [the *1514 Board.]” (Matter of Raheem v New York State Bd. of Parole, 66 AD3d at 1272).
Review of the record reveals that this is not a situation of rehashing or simply embellishing previously provided victim statements. The victims’ voices had been virtually unheard before October 2009. As noted near the beginning of the rescission hearing, victim impact statements had not been available at petitioner’s August 2009 parole appearance and no victim impact statements had been provided for the three prior times that he had been considered for parole. The 18-page presentence report prepared in 1980 following petitioner’s conviction contained three paragraphs written by the probation officer purporting to represent the statement of the family; but most of this information was a description of the deceased officer’s background, character, and accomplishments. There is no discussion of the impact on the family other than a one sentence reference to the family’s belief that a fatal heart attack suffered by the deceased officer’s Rabbi brother two weeks after the shooting was a result of the effects of the murder.
The brief statements attributed to the deceased officer’s wife by the probation officer who prepared the 1980 presentence report were about her husband’s character and her feelings on appropriate punishment. There was no direct statement regarding the impact of his death on her. No statements were reported from the children, who were then ages 22, 19, 15 and 13. No family member addressed the court at sentencing. In contrast, the October 2009 statements from the officer’s wife and children (as well as other family members) set forth directly for the first time the many different and devastating impacts, some of which are ongoing, suffered by the family. Under our precedent, the Board did not err in determining that this was significant new information, and we find unpersuasive petitioner’s attempts to distinguish our holdings in Pugh, Raheem, and Diaz.[2]
Our review is limited and we cannot substitute our judgment for that of the Board. It was within the Board’s discretion to rescind parole in light of the substantial evidence of significant information not previously known by the Board (see Matter of Diaz v Evans, 90 AD3d at 1372; Matter of Pugh v New York State Bd. of Parole, 19 AD3d at 992; see also Matter of Raheem v New York State Bd. of Parole, 66 Ad3d at 1272). The remaining arguments are unavailing.
Rose, J.P., Kavanagh and McCarthy, JJ., concur.

. The dissent has offered no meaningful distinction of these cases nor suggested that we should overrule the holdings.