[18 NE3d 739, 994 NYS2d 39]

In the Matter of PABLO COSTELLO, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents.

Argued June 5, 2014; decided June 26, 2014

APPEARANCES OF COUNSEL

*Alfred O'Connor, New York State Defenders Association*, Albany, and *Norman P. Effman, Public Defender*, Warsaw, for appellant.

*Eric T. Schneiderman, Attorney General*, Albany (*Nancy A. Spiegel, Barbara D. Underwood* and *Andrea Oser* of counsel), for respondents.

*Mayer Brown, LLP*, New York City (*Scott A. Chesin* and *Michael Rayfield* of counsel), for Robert Dennison and others, amici curiae.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, the challenged determination annulled, and petitioner's parole reinstated.

The Executive Law requires the Board of Parole (the Board) to consider any victim impact statement in the decision to grant or deny parole release to an inmate (*see* Executive Law § 259-i [2] [c] [A]). Nonetheless, while it is undisputed that rescission proceedings were properly initiated here, under the particular circumstances of this case, the Board improperly rescinded petitioner's parole release, which should be reinstated.

Our resolution of this case should not be interpreted as minimizing either the importance of victim impact statements in parole board hearings generally or the powerfully presented evidence of the grief and loss experienced by the family of the victim in this case. On the contrary, we hope that our decision will impel both parole boards and district attorneys to comply fully with the letter and spirit of Executive Law § 259-i (2) (c) (A) (v) and CPL 440.50 (1), so that the effect of a crime on the victim and his or her family can be considered fully before a decision is made.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

Order reversed, with costs, the challenged determination annulled and petitioner's parole reinstated, in a memorandum.