# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**2**
**TP 15-01078**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

IN THE MATTER OF LUCIANO SPATARO, PETITIONER,

V                                        MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, RESPONDENT.

---

THOMAS J. EOANNOU, BUFFALO, FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Erie County [Shirley Troutman, J.], filed June 16, 2015) to review a determination of the New York State Board of Parole. The determination rescinded petitioner's parole release date.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner, an inmate serving an aggregate sentence of 25 years to life for various convictions including murder in the second degree (*People v Spataro*, 202 AD2d 1005, *lv denied* 84 NY2d 833), commenced this CPLR article 78 proceeding seeking to annul the determination of the New York State Board of Parole (Board) that, after a hearing, rescinded a prior determination granting him an open release date. We confirm.

A parole board may, "[i]n its discretion, . . . revoke or modify any of its decisions or determinations" (9 NYCRR 8000.4), and a parole release date may be rescinded when, among other things, there is "significant information which existed . . . prior to the rendition of the parole release decision, where such information was not known by the board" (9 NYCRR 8002.5 [b] [2] [i; *see Matter of Ortiz v New York State Bd. of Parole*, 239 AD2d 52, 55, *lv denied* 92 NY2d 811). In rescinding an inmate's parole release date, a majority of the board must be "satisfied that substantial evidence was presented at the hearing to form a basis for rescinding the grant of release" (9 NYCRR 8002.5 [d] [1]; *see Ortiz*, 239 AD2d at 55).

Contrary to petitioner's contention, we conclude that the decision of the Court of Appeals in *Matter of Costello v New York*

*State Bd. of Parole* (23 NY3d 1002, 1004, *revg* 101 AD3d 1512) does not require annulment of the Board's rescission determination here. In *Costello*, the Court held that the Board improperly rescinded the petitioner's parole release "under the particular circumstances of this case," and emphasized that its resolution in *Costello* "should not be interpreted as minimizing . . . the importance of victim impact statements in parole board hearings" (23 NY3d at 1004).

Here, in addition to various unrelated crimes, petitioner was convicted of murder in the second degree after he conspired with the victim's wife to collect on the victim's life insurance policy and then shot the victim in his driveway when he returned from dinner with his wife. The statements from the family members of that victim submitted in conjunction with the rescission procedure detailed their grief and the continuing ramifications of the murder on the health and well-being of the family, and also provided information concerning the brutality and consequences of petitioner's crime by describing the pain and suffering experienced by the victim before he died. The Board was aware that the victim was not killed instantly when petitioner shot him with a handgun at close range, and that he received medical care at two hospitals for several weeks before succumbing to severe bronchial pneumonia that was induced by the gunshot wound to his neck. Nonetheless, the subsequent statements of the family members provided detailed eyewitness accounts of the victim's suffering during his hospitalization, including his unsuccessful attempts to communicate despite the fact that he had been partially paralyzed and his vocal cords had been "destroyed" as a result of the shooting. We thus conclude that, even if some of the other information submitted was already known to the Board, the abovementioned victim impact statements provided "significant information" not previously known by the Board, and the statements constitute substantial evidence to support the determination rescinding petitioner's parole release date (9 NYCRR 8002.5 [b] [2] [i]; *see* 9 NYCRR 8002.5 [d] [1]; *Matter of Rizo v New York State Bd. of Parole*, 251 AD2d 997, 997-998, *lv denied* 92 NY2d 811; *Ortiz*, 239 AD2d at 56).

Entered: March 18, 2016                          Frances E. Cafarell
                                                 Clerk of the Court