Garry, J.P.
 

 Appeal from a judgment of the Supreme Court (Fisher, J.), entered December 19, 2016 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent rescinding petitioner’s open parole release date and imposing a hold period of 24 months.
 

 In October 1995, petitioner approached a vehicle at the end of his driveway that contained his friend Steven Sedore and petitioner’s ex-wife, who were there to pick up the daughter of petitioner and his ex-wife. Petitioner shot and killed Sedore as he sat in the vehicle, and viciously attacked his ex-wife, causing serious injuries. Petitioner ultimately pleaded guilty to manslaughter in the first degree and attempted manslaughter in the first degree and was sentenced to an aggregate prison term of 20 to 40 years.
 

 In June 2015, petitioner made his first appearance before respondent and was granted parole with an open release date of October 5, 2015. Prior to his release date, petitioner’s release was temporarily suspended when respondent learned that Sedore’s family had not been notified or accorded an opportunity to make a victim impact statement (see generally Executive Law § 259-i [2] [c] [A] [v]; 9 NYCRR 8002.4). Thereafter, four members of Sedore’s family provided victim impact statements and respondent scheduled a rescission hearing. Following the hearing, respondent rescinded petitioner’s open release date and imposed a 24-month hold period, based upon petitioner’s demonstration of anger and hostility at the rescission hearing and the information contained in the victim impact statements. Petitioner commenced this CPLR article 78 proceeding challenging respondent’s determination. Supreme Court dismissed the petition, finding that the rescission of petitioner’s open release date was proper based upon respondent’s finding as to petitioner’s demeanor during the rescission hearing, although respondent had improperly relied upon the victim impact statements. Petitioner appeals.
 

 Initially, we agree with Supreme Court that the determination to rescind petitioner’s open release date was proper. Respondent has broad discretion to rescind parole, provided there is substantial evidence consisting of either “case developments” occurring subsequent to the decision to grant release or “significant information” that existed previously but was not known by respondent at the time that a release date was granted (9 NYCRR 8002.5 [b] [2] [i], [ii]; [d] [1]; see Matter of Diaz v Evans, 90 AD3d 1371, 1372 [2011]; Matter of Pugh v New York State Bd. of Parole, 19 AD3d 991, 992 [2005], lv denied 5 NY3d 713 [2005]). Here, contrary to petitioner’s contention, respondent properly considered his conduct at the hearing as a subsequent development in the case in rendering the determination to rescind parole (see 9 NYCRR 8002.5 [b] [2] [ii]). Further, a review of the hearing transcript reveals that petitioner attempted to rationalize his behavior by citing to the pressures involved in rescission hearings. Accordingly, respondent’s finding that petitioner’s demeanor at the hearing reflected an inability to handle stress that is not compatible with the welfare of society, thus warranting rescission of parole, was not irrational (see Executive Law § 259-i [2] [c] [A]; see generally Matter of Valderrama v Travis, 19 AD3d 904, 905 [2005]).
 

 As to the victim impact statements, we disagree with Supreme Court’s finding that respondent improperly relied upon these statements solely because they were submitted after his open release date had been set. The court based this determination upon the Court of Appeals’ decision in Matter of Costello v New York State Bd. of Parole (23 NY3d 1002 [2014]), in which the Court concluded that respondent improperly rescinded a parole release based upon information in victim impact statements that had been submitted after it had set an open release date (id. at 1004). However, the Court of Appeals expressly limited that holding, finding that rescission of parole release was improper “under the particular circumstances of this case,” and specifically noted that its decision “should not be interpreted as minimizing . . . the importance of victim impact statements in [respondent’s] hearings generally” (id.). Thus, we do not interpret the Court’s decision as precluding respondent from ever considering victim impact statements submitted after an open release date has been granted in determining whether parole should be rescinded (see Matter of Spataro v New York State Dept. of Corr. & Community Supervision, 137 AD3d 1562, 1563 [2016], lv denied 27 NY3d 913 [2016]). “This Court has previously concluded that victim impact statements can constitute significant information which, when submitted to respondent even after its determination, may justify the temporary suspension or rescission of parole” (Matter of Raheem v New York State Bd. of Parole, 66 AD3d 1270, 1272 [2009] [citation omitted], lv denied 14 NY3d 702 [2010]; see Matter of Diaz v Evans, 90 AD3d at 1372; Matter of Pugh v New York State Bd. of Parole, 19 AD3d at 992). We find that the instant matter presents such circumstances, and thus falls outside the prohibition established by the governing precedent in Matter of Costello.
 

 The victim impact statements at issue were submitted by three of Sedore’s sisters and a brother-in-law. One of the sisters had already provided an impact statement at petitioner’s sentencing hearing, but the other family members had not done so. The statements submitted by the other sisters referenced specific threats that petitioner had made to them— including during sentencing where he allegedly pointed his finger at one sister and mouthed the words “you are dead,” and also ran his finger across his throat while looking at the family. One of the sisters also stated that petitioner sent her letters and a get well card from prison when she was in the hospital, which made her feel uncomfortable knowing that “he knew everything that was going on in my life.” These incidents, which had not previously been disclosed, constitute “significant information” and provide substantial evidence supporting respondent’s rescission of parole (Matter of Diaz v Evans, 90 AD3d at 1372; see Matter of Pugh v New York State Bd. of Parole, 19 AD3d at 993).
 

 Finally, we reject petitioner’s contention that his due process rights were violated. Although it appears from the record that petitioner was not given a copy of the rescission report until' the day of the rescission hearing, in violation of 9 NYCRR 8002.5 (b) (5), respondent provided petitioner an opportunity to postpone the hearing and obtain counsel. Petitioner declined the offered postponement and waived his right to counsel, and we are satisfied that the rescission proceedings were constitutionally sufficient (see Matter of Brooks v Travis, 19 AD3d 901, 901 [2005]).
 
 *
 

 Devine, Mulvey, Aarons and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed, without costs.
 

 *
 

 Although petitioner declined representation at the hearing, a memorandum of law opposing rescission by counsel was submitted the day before the hearing occurred, and this document was included in the record.