Matter of Benson v New York State Bd. of Parole (2019 NY Slip Op 07829)





Matter of Benson v New York State Bd. of Parole


2019 NY Slip Op 07829


Decided on October 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 31, 2019

528537

[*1]In the Matter of Eric Benson, Petitioner,
v
New York State Board of Parole, Respondent.

Calendar Date: September 6, 2019

Before: Garry, P.J., Egan Jr., Lynch and Pritzker, JJ.; Aarons, J., vouched in.


New York State Defenders Association, Albany (Alfred O'Connor of counsel), for petitioner.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Pritzker, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent rescinding petitioner's open parole release date and imposing a hold period of nine months.
In 1994, petitioner, then 21 years old, shot and killed the victim. In connection with this incident, petitioner was convicted, after a jury trial, of murder in the second degree and was sentenced to a prison term of 25 years to life (People v Benson, 233 AD2d 749 [1996], lvs denied 89 NY2d 940, 942 [1997]). In August 2016, letters were sent from the Department of Corrections and Community Supervision to the Albany County District Attorney's office and the judge who imposed the sentence informing them that petitioner was scheduled to appear before respondent.[FN1] Petitioner appeared before respondent in December 2017, after which he was granted parole with an open release date in February 2018. Thereafter, in January 2018, a victim impact hearing was held at which the victim's mother and two brothers gave victim impact statements.[FN2] After this hearing, petitioner was served with a notice of rescission hearing, which was subsequently held in February 2018. Following the rescission hearing, petitioner's open release date was rescinded and a hold period of nine months was imposed. This determination was upheld on administrative appeal. Petitioner thereafter commenced this CPLR article 78 proceeding.[FN3]
Petitioner argues that the victim impact statements and letters from the District Attorney's office and sentencing judge disclosed no new facts about petitioner's crime. As relevant here, respondent "has broad discretion to rescind parole, provided there is substantial evidence consisting of . . . significant information that existed previously but was not known by respondent at the time that a release date was granted" (Matter of Thorn v New York State Bd. of Parole, 156 AD3d 980, 981 [2017] [internal quotation marks and citations omitted], lv denied 31 NY3d 902 [2018]). We turn first to petitioner's general assertion that the letters and victim impact statements did not disclose any "new" information, thus the rescission was not supported by substantial evidence. Although we agree that the letters should not have been considered as they did not reveal any information not previously known by respondent, this argument must fail with respect to the victim impact statements because neither the relevant regulation, nor the existing case law, requires that "new" information must be disclosed for parole to be rescinded (see 9 NYCRR 8002.5).[FN4] Simply stated, although the regulation provides that such information must be "significant" and "not known" by respondent at the time of the original hearing, the origin of this information need not be "new" (compare CPLR 2221 [e] [2]).
Nor are we persuaded by petitioner's assertion that the oldest brother's victim impact statement, which was made at petitioner's sentencing,[FN5] sufficiently apprised respondent of the profound impact that the victim's murder had on the mother and the victim's middle brother, ostensibly rendering it "known." A review of the sentencing minutes reveals that the oldest brother was not speaking on behalf of the mother and the middle brother; rather, when making his statement, he briefly and generally shared his view of how the victim's murder affected his family. This is in stark contrast to the statements made by the mother and the middle brother at the victim impact hearing, wherein they provided specific examples of the devastating impact that the victim's murder had on their lives. Inasmuch as neither the mother nor the middle brother had previously submitted victim impact statements, "their statements constituted significant information not previously known by respondent" (Matter of Raheem v New York State Bd. of Parole, 66 AD3d 1270, 1272 [2009], lv denied 14 NY3d 702 [2010]), and, even though these statements were submitted to respondent after its initial determination, they "provide substantial evidence to support rescission" (Matter of Diaz v Evans, 90 AD3d 1371, 1372 [2011]; see Matter of Thorn v New York State Bd. of Parole, 156 AD3d at 982; Matter of Pugh v New York State Bd. of Parole, 19 AD3d 991, 993 [2005], lv denied 5 NY3d 713 [2005]).
Petitioner also contends that the belated victim impact statements described "normal, heartfelt and continuing grief" experienced by families of murder victims and, as such, did not establish substantial evidence to justify rescinding parole, because this grief and loss was a "foreseeable" result of the crime and, as such, is actually or constructively "known." In support of this contention, petitioner asserts, relying on Matter of Costello v New York State Bd. of Parole (23 NY3d 1002 [2014]), that the Court of Appeals has held that additional, belated statements of ongoing grief, standing alone, are insufficient to justify parole rescission. This reliance is misplaced. It is clear from a careful reading of Matter of Costello that the Court of Appeals was not seeking to "minimiz[e] . . . the importance of victim impact statements in . . . hearings [before respondent]," but, instead, held that, in the "particular circumstances" of that case,[FN6] rescission of that petitioner's parole release was improper (id. at 1004; see Matter of Thorn v New York State Bd. of Parole, 156 AD3d at 982). By reading a blanket rule into this holding that belated statements of ongoing grief, standing alone, are insufficient to justify parole rescission not only misstates the Court of Appeals' holding, but seeks to expand it, to the detriment of victims and their families.
In this regard, we reject petitioner's unprecedented notion that the grief and trauma of the victim's family was, a priori, "known by [respondent]" (9 NYCRR 8002.5 [b] [2] [i]), because its manifestations were foreseeable and, thus, were accounted for even before hearing the victim impact statements. This conclusion is hinged upon the incorrect and wholly abstract presumption that the murder of a loved one emotionally impacts collateral victims in a homogenized, obvious and fungible manner. Human beings are not machines and, of course, if petitioner's misplaced notion were true, there would be little need for victim impact statements at any stage of a criminal action. The construction urged by petitioner is also contrary to controlling precedent, which has uniformly reaffirmed the importance of victim impact statements in parole decision-making (see Matter of Costello v New York State Bd. of Parole, 23 NY3d at 1004; Matter of Thorn v New York State Bd. of Parole, 156 AD3d at 982; Matter of Diaz v Evans, 90 AD3d at 1372; Matter of Pugh v New York State Bd. of Parole, 19 AD3d at 993).
Here, respondent was presented with previously unknown information from the mother, including that she was so traumatized by her son's death that she did everything she could to avoid thinking about it, including never visiting his grave. The mother explained that, in the 25 years since the victim's death, she has not celebrated Christmas, Thanksgiving or her other sons' birthdays. She described how she thought that, once petitioner went to prison, it was done, and that she was safe, but she no longer felt safe. She also thanked respondent for allowing her to express her feelings, recognizing that, although being numb may have initially served her, in the long run, it did not do her any good, leaving her in purgatory. She has not, and perhaps never will, achieve any sort of closure because of petitioner's crime. This particularized impact and sequela constitute significant information that respondent not only properly relied upon, but had the duty to consider once it was made available (see Executive Law § 259-i [2] [c] [A] [v]; Matter of Pugh v New York State Bd. of Parole, 19 AD3d at 993).[FN7] For these same reasons, we find that respondent also properly relied upon the statement made by the middle brother, which described the horror and grief that he experienced and continues to experience (see Matter of Thorn v New York State Bd. of Parole, 156 AD3d at 982; Matter of Pugh v New York State Bd. of Parole, 19 AD3d at 993).
Lastly, although we recognize that the better practice is for respondent to consider victim impact statements prior to granting a conditional release, "so that the effect of a crime on the victim and his or her family can be considered fully before a decision is made" (Matter of Costello v New York State Bd. of Parole, 23 NY3d at 1004), we do not interpret the Court of Appeals' decision in Matter of Costello as having established an exclusionary rule triggered by a belated submission, especially when it appears from the record that it was not the fault of the victim's family that their request to be heard was made after the granting of parole. To the contrary, respondent's analysis should be inclusive to ensure that those most harmed have an opportunity to be heard and considered when deciding the profound question of whether parole should be granted. To hold otherwise would inure only to the benefit of those who have committed serious crimes. Granting the privilege of parole, as well as its rescission, must be done carefully, on a complete record, and only after due deliberation (see generally Matter of Applewhite v New York State Bd. of Parole, 167 AD3d 1380, 1380-1381 [2018], lv dismissed 32 NY3d 1219 [2019]).
Egan Jr. and Lynch, JJ., concur.
Garry, P.J. (dissenting).
We respectfully dissent, as we believe that the decision of the Court of Appeals in Matter of Costello v New York State Bd. of Parole (23 NY3d 1002, 1004 [2014]) is squarely on point. In Matter of Costello, as here, the victim's family members were not aware that the petitioner was being considered for parole release until after a release date was granted.[FN8] There, as here, several family members — only one of whom had previously been heard from — then gave powerful accounts of "the many different and devastating impacts [they had suffered], some of which [were] ongoing" (Matter of Costello v New York State Bd. of Parole, 101 AD3d 1512, 1514 [2012], revd 23 NY3d 1002 [2014]). In Matter of Costello, as here, respondent rescinded the petitioner's parole based upon these "compelling statements" (id. at 1513). The Court of Appeals, however, held that respondent had acted improperly and that the petitioner's parole release should be reinstated (Matter of Costello v New York State Bd. of Parole, 23 NY3d at 1004).
Respondent has the authority to rescind a parole release date, as pertinent here, based upon "significant information which existed . . . prior to the rendition of the parole release decision, where such information was not known by [respondent]" (9 NYCRR 8002.5 [b] [2] [i]). Matter of Costello teaches that, under certain circumstances, statements of ongoing grief, no matter how sympathetic or even wrenching they may be, do not meet this standard and, thus, do not constitute substantial evidence supporting the rescission of a grant of parole (see Matter of Duffy v New York State Bd. of Parole, 163 AD3d 1123, 1124-1125 [2018]; 9 NYCRR 8002.5 [d] [1]; compare Matter of Thorn v New York State Bd. of Parole, 156 AD3d 980, 982 [2017] [threats toward family members described in victim impact statements constituted significant information not previously known to respondent], lv denied 31 NY3d 902 [2018]; Matter of Spataro v New York State Dept. of Corr. & Community Supervision, 137 AD3d 1562, 1563-1564 [2016] [details about the victim's suffering contained in victim impact statements constituted significant information not previously known to respondent], lv denied 27 NY3d 913 [2016]).[FN9]
As the majority notes, the decision in Matter of Costello was limited to "the particular circumstances of [that] case" (Matter of Costello v New York State Bd. of Parole, 23 NY3d at 1004). Nevertheless, the specific circumstances in Matter of Costello that are pertinent to the issue of significant information not previously known to respondent are completely indistinguishable from those presented here. Indeed, more information was available here at the time of the parole hearing about the impact of petitioner's crime on the victim's family members than in Matter of Costello. Here, the presentence report included a moving statement by the victim's brother about the effects of the crime on himself and his family. At sentencing, the brother spoke again, giving detailed accounts of the devastating effects that petitioner's crime had had upon his mother and his brother, as well as upon himself. In Matter of Costello, by contrast, the only victim impact information before respondent at the parole hearing was a "brief statement[]" in the presentence report about a probation officer's interview with the victim's wife, who spoke about "[the victim's] character and her feelings on appropriate punishment" but made "no direct statement regarding the impact of his death on her" (Matter of Costello v New York State Bd. of Parole, 101 AD3d at 1514). The Court of Appeals nevertheless reversed respondent's determination that the subsequent impact statements made by the wife and other family members "constituted significant new information" (id. at 1513; see Matter of Costello v New York State Bd. of Parole, 23 NY3d at 1004). In our view, this Court is bound by that holding.
Tragically, all families of murder victims must suffer great ongoing grief, although each family experiences and expresses that grief differently. As petitioner strongly asserted in the course of oral argument, respondent should not be placed in the untenable position of having to discern and compare the levels of suffering of the families of victims to decide that one family's ongoing distress is "significant" enough to justify rescission, while another family's may not be (9 NYCRR 8002.5 [b] [2] [i]). Nor should grieving families be subjected to such examinations. We should, instead, continue to apply our current objective standard, which requires rescission determinations to be based upon the submission of significant factual information previously unknown to respondent, and which does not require respondent to attempt the impossible task of quantifying the extent of the grief suffered by victims' families (see Matter of Duffy v New York State Bd. of Parole, 163 AD3d at 1125-1126). Accordingly, we would annul respondent's determination to rescind petitioner's open parole date.
Aarons, J., concurs.
ADJUDGED that the determination, is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: The letters incorrectly listed petitioner's crime of conviction as attempted criminal possession of a weapon in the third degree with a sentence of 1 to 3 years. Although petitioner was indicted for the crime of criminal possession of a weapon in the third degree, incident to the murder conviction, he was acquitted of this charge at trial (see People v Benson, 233 AD2d at 750).

Footnote 2: It appears from a rescission report, dated less than a month after the December 2017 hearing, that information was received regarding victim impact statements that were not "readily available" at the time of the parole hearing. The victim impact hearing occurred shortly thereafter.

Footnote 3: We find no merit to respondent's assertion that this proceeding was improperly transferred to this Court.

Footnote 4: We recognize that, in respondent's decision rescinding parole, it stated that the letters and victim impact statements represented "new and substantial information" that was not available to respondent prior to its December 2017 decision granting parole.

Footnote 5: The oldest brother also provided a victim impact statement to the Probation Department, which was included in the presentence investigation report.

Footnote 6: The circumstances in Matter of Costello included, among other things, that the petitioner, who was not the shooter, was convicted of felony murder in connection with the shooting of a police officer during the course of an armed robbery of an auto supply store (Matter of Costello v New York State Bd. of Parole, 101 AD3d 1512, 1512 [2012], revd 23 NY3d 1002 [2014]). Also, the petitioner's parole application was rejected three times and was granted two-to-one the fourth time (id.). Additionally, the petitioner's parole date was temporarily suspended "[f]ollowing media outcry and just days before [the] petitioner's release date" (id. at 1515 [Spain, J., dissenting]).

Footnote 7: We are similarly unpersuaded that this Court's recent decision in Matter of Duffy v New York State Bd. of Parole (163 AD3d 1123, 1126 [2018]) precludes confirming the rescission. In Matter of Duffy, this Court found that DVDs depicting the grief of the victim's family members was not significant information given that such grief was already known by respondent because of previously provided victim impact statements by the same family members (id. at 1124). The facts of this case are in stark contrast, inasmuch as respondent had not previously heard from the mother nor the middle brother.

Footnote 8: The victim's wife in Matter of Costello was not notified of the petitioner's parole hearing or given an opportunity to make a victim impact statement until after the parole hearing (Matter of Costello v New York State Bd. of Parole, 101 AD3d 1512, 1513 [2012], revd 23 NY3d 1002 [2014]). Here, there was an error in the notice of parole hearing that respondent provided to the District Attorney. After the hearing, the District Attorney and sentencing court provided statements to respondent, and the victim's family members were granted an opportunity to make belated impact statements.

Footnote 9: This Court's prior decisions in Matter of Raheem v New York State Bd. of Parole (66 AD3d 1270, 1272 [2009], lv denied 14 NY3d 702 [2010]) and Matter of Pugh v New York State Bd. of Parole (19 AD3d 991, 993 [2005], lv denied 5 NY3d 713 [2005]) confirmed rescission determinations that, as here, were based upon family members' statements of ongoing distress and statements by family members who had not previously communicated with respondent. However, both of these cases were decided before the Court of Appeals issued Matter of Costello in 2012.